The Chicago and Northwestern Railway Company

*v.*

The Village of Elmhurst.

*Filed at Ottawa November 9, 1896—Rehearing denied March 3, 1897.*

1. Special Taxation—*determination of city council is final on question of benefits under act of 1872.* Under article 9, section 17, of the City and Village act, (Rev. Stat. 1874, p. 209,) as it existed prior to its amendment in 1895, (Laws of 1895, p. 100,) the determination of the city council in levying a special tax upon contiguous property was final upon the question of benefits.

2. Same—*evidence of unreasonableness of special taxation ordinance, under act of 1872, addressed to court.* Evidence that a special taxation ordinance is unreasonable as to benefits is addressed to the court, but to justify an interference with the determination of the city council in fixing such benefits it must clearly appear, and ordinarily upon the face of the ordinance itself, that the council abused its discretion.

3. Same—*portions of railroad company's right of way may be sold for special taxes.* By virtue of sections 42 and 178 of the Revenue act, (Rev. Stat. 1874, p. 854,) sections 1 and 2 of an act concerning collection of special taxes, (Rev. Stat. 1874, p. 908,) and sections 17 and 44 of the City and Village act, (Rev. Stat. 1874, p. 209,) construed together, the collection of special taxes levied upon a railroad company's right of way may be enforced by the sale of that portion specially taxed.

4. Same—*special taxation not the exercise of eminent domain.* An objection that a special taxation ordinance deprives the party taxed of his property without compensation, in violation of the constitution, cannot be sustained, as the power to specially tax contiguous property is a branch of the taxing power, and is not an exercise of eminent domain.

5. Same—*taxation in proportion to frontage is constitutional.* An ordinance requiring the cost of locally improving a street to be paid by special taxation of contiguous property in proportion to frontage does not violate the present constitution.

6. Railroads—*right of way may be specially taxed for local improvement.* A railroad company's right of way contiguous to a street is subject to special taxation for the paving of such street when specially benefited by the improvement.

Appeal from the County Court of DuPage county; the Hon. C. A. Bishop, Judge, presiding.

A. W. Pulver, (Lloyd W. Bowers, of counsel,) for appellant:

Ordinances unreasonable and oppressive in their operation are void.  Dillon on Mun. Corp. 319-321; *Railway Co.* v. *Jacksonville*, 67 Ill. 37; *Tugman* v. *Chicago*, 78 id. 405; *Lake View* v. *Tate*, 130 id. 247.

Whether a particular ordinance is unreasonable, and therefore void, is a question for the court and not for the jury, and evidence bearing upon the question is properly addressed to the court.  *Lake View* v. *Tate*, 130 Ill. 247.

The power of a city council to declare what shall be a local improvement is an implied power.  An ordinance exercising that power, though regularly passed, must be reasonable, otherwise it is void.  1 Dillon on Mun. Corp. sec. 319; *Wiggins* v. *Chicago*, 68 Ill. 372; *Tugman* v. *Chicago*, 78 id. 405; *Bloomington* v. *Railroad Co.* 134 id. 451.

The discretion of the municipal body ordering the improvement can be interfered with when there is a clear abuse of such power and discretion.  *Lightner* v. *Peoria*, 150 Ill. 86.

Property such as railroad tracks and necessary right of way cannot be said to be benefited by the improvement in question.  *Railroad Co.* v. *Milwaukee*, 89 Wis. 516; *Railroad Co.* v. *Philadelphia*, 88 Pa. St. 424; *Allegheny City* v. *Railroad Co.* 138 id. 375; *Bridgeport* v. *Railroad Co.* 36 Conn. 255; *Railroad Co.* v. *New Haven*, 42 id. 279.

A railroad franchise extends to the entire corporate property, and it is not possible that it can be divided. It must, if assessed at all, be assessed as an entirety. *Porter* v. *Railroad Co.* 76 Ill. 584.

Under the generally adopted method of taxing railroads, each, from one end to the other, is an entirety, and only as a whole may be subject to taxation or coercive sale.  25 Am. & Eng. Ency. of Law, 656; *Graham* v. *Coal Road Co.* 14 Bush, 426; *Franklin Co.* v. *Railroad Co.* 12 Lea, 521; *In re Railroad School Tax*, 78 Mo. 596.

F. J. GRIFFIN, (N. G. MOORE, of counsel,) for appellee:

Unless there is an abuse of its power by the city council, courts will not interfere. *Lightner* v. *Peoria*, 150 Ill. 87.

Where a railway is contiguous to a proposed street improvement it may be specially taxed for the making of such local improvement. *Railroad Co.* v. *Joliet*, 153 Ill. 649.

The lot owner cannot inquire what benefit, if any, other property owners receive on account of the improvement. *Davis* v. *Litchfield*, 155 Ill. 384.

There is no constitutional or statutory exemption against assessing railroad property, if specially benefited. *Railway Co.* v. *People*, 120 Ill. 104.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from an order of the county court of DuPage county, confirming a special tax levied against certain right of way of the appellant under an ordinance of the village of Elmhurst for the paving of First street, which runs parallel with and alongside of said right of way in said village. The ordinance provides for the paving of First street from the west line of Addison street, which is east of appellant's depot, to the west boundary line of the village, and the original assessment roll described a strip of land belonging to appellant running west from the west line of Addison street to the village limits. The special tax was levied upon the abutting property in proportion to frontage. Appellant's property, originally taxed in one parcel, abuts on the south side of the improvement. Upon motion of appellant and against the objection and exception of appellee, the county court ordered the assessment roll to be re-cast by dividing said strip of land into two parts and levying the special tax separately on each part, the first part embracing the depot grounds, running from the west line of Addison street to the east line of Maple street, and the second part running from the east line of Maple street

to the limits.   After the assessment roll was re-cast, and
the tax was divided and a separate amount assessed upon
each of the two parts, the roll was confirmed.   The ap-
pellant made no objection to the assessment against the
portion of the strip between Addison street and Maple
avenue which included the depot grounds, but filed objec-
tions to the tax as levied against the balance of the strip.

The objections made by appellant may be ranged un-
der three heads: first, that the ordinance is unreasonable
and void; second, that the special tax cannot be enforced
by a sale of the property taxed; and, third, that this
special tax deprives appellant of its property without
compensation.

In support of the first objection it is said, that the
property taxed is railroad right of way, and that, as such,
it is not subject to special taxation for this local improve-
ment, because it is not benefited thereby.   We have held
over and over again, that, under the statute in pursuance
of which the present tax was levied, the determination of
the common council is final upon the question of benefits,
and that the land owner "cannot go behind the action of
the city council imposing the tax and inquire what ben-
efit, if any, the property owners receive on account of
the improvement."   (*Davis* v. *City of Litchfield*, 155 Ill. 384;
*Chicago and Alton Railroad Co.* v. *City of Joliet*, 153 id. 649).

The county court, in the present case, did, however,
permit evidence to be introduced upon the question,
whether the strip of land belonging to appellant would
be benefited or not by the paving of the street alongside
of it.   If it were proper to consider this evidence, it may
be said of it that it tends to show, that the land in ques-
tion would be benefited by the improvement by reason of
its nearness to the depot, and the crowded condition of
the tracks running to the depot where cars are loaded
and unloaded, necessitating to some extent the unload-
ing of freight from cars upon the right of way in question.
It has been held, that evidence bearing upon the ques-

tion, whether or not an ordinance is unreasonable, is addressed to the court. (*City of Lake View* v. *Tate*, 130 Ill. 247). But in order to justify a court in interfering with the determination of the city council as to benefits, it must appear that the council has clearly abused the power and discretion conferred upon it. (*Lightner* v. *City of Peoria*, 150 Ill. 80; *Chicago and Northwestern Railway Co.* v. *Town of Cicero*, 154 id. 656; *City of Springfield* v. *Green*, 120 id. 269). Ordinarily, such abuse of power and discretion must appear upon the face of the ordinance itself. (*Payne* v. *South Springfield*, 161 Ill. 285). If, however, it is allowable under any circumstances to look outside of the ordinance, we find nothing in the facts disclosed by the present record to show, that there has been any such abuse as makes the present ordinance unreasonable.

The right of way of a railroad company is subject to special taxation for a local improvement. (*Chicago and Alton Railroad Co.* v. *City of Joliet*, 153 Ill. 649, and cases there cited; *Chicago and Northwestern Railway Co.* v. *People*, 120 id. 104; *Payne* v. *South Springfield, supra; Illinois Central Railroad Co.* v. *City of Mattoon*, 141 id. 32; *Illinois Central Railroad Co.* v. *City of Chicago*, id. 509; *Kuehner* v. *City of Freeport*, 143 id. 92; *Rich* v. *City of Chicago*, 152 id. 18; *Illinois Central Railroad Co.* v. *Comrs. of Drainage District*, 129 id. 417; *Drainage Comrs.* v. *Illinois Central Railroad Co.* 158 id. 353; *Illinois Central Railroad Co.* v. *City of Decatur*, 126 id. 92; *Same* v. *Same*, 147 U. S. 191; *Same* v. *Same*, 154 Ill. 173; *Chicago, Burlington and Quincy Railroad Co.* v. *City of Quincy*, 136 id. 563; 25 Am. & Eng. Ency. of Law, p. 529, and cases referred to in note 1).

The second objection made by appellant is, that the special tax levied upon the portion of the right of way abutting upon the improvement can only be collected by the sale of such portion; and that a sale of a portion of the right of way cannot be made without breaking the continuity of the road and destroying its entirety for the purposes of transportation. This is an argument against

the validity of the special tax drawn from the supposed impracticability of the method necessary to be adopted for its collection. It would apply as well to the special tax if the improvement benefits the property to the full amount levied upon it, as to the special tax where the improvement is of no benefit whatever. Some of the courts, in the reasoning which they adopt to sustain the view that railroad right of way should not be subjected to special taxation or special assessment for local improvements, refer to the risk of severing the road if such taxation or assessment is enforced against it.

While it is held in this State that the railroad track must be regarded as an entirety for the purposes of assessment by the State Board of Equalization, yet after the board has equalized the valuation and distributed it among the counties, cities, towns and villages, it has never been held, that taxation cannot be enforced against railroad property the same as against any other kind of property. It is conceded by counsel for appellant, that a portion of a railroad right of way may be subjected to the payment of a special tax assessed against it, if there is legislative authority for such enforcement. The Revenue act of this State declares, that railroad right of way shall be held to be real estate for the purposes of taxation; and, by the use of the words, "when advertised and sold," in section 42 of that act, (2 Starr & Cur. 2042, 2043), contemplates the sale of portions of "railroad track" running through counties, cities, towns or villages. The statute thus expressly recognizes the right to enforce the collection of general taxes against portions of a railroad track or railroad right of way. The same act provides, (secs. 178, 304, 305), that special assessments which are unpaid shall be returned to the county collectors for collection in the same manner in which they are required to collect taxes, and that lands delinquent for such assessments shall be advertised and sold in the same manner as is required in regard to lands delinquent for State and

county taxes. (2 Starr & Cur. Stat. pp. 2080, 2125). Section 44 of article 9 of the City and Village act provides, that the general revenue laws of this State in reference to the recovery of judgments for delinquent taxes and the sale of property thereon shall be applicable to proceedings to collect special assessments, with certain exceptions which have no bearing here. (1 Starr & Cur. Stat. p. 503).

As, under the statutes of this State, State and county taxes can be enforced against portions of railroad right of way, and as special assessments can be enforced in the same manner as State and county taxes, and as special taxation of contiguous property is required to be levied, assessed and collected in the same manner as special assessments, (1 Starr & Cur. Stat. p. 491), we do not regard the second objection of appellant as well taken. Decisions in other States to the contrary of this view are based upon statutory provisions or other considerations which have no application here.

The third objection is, that this special tax deprives appellant of its property without compensation. The present is not a condemnation proceeding, nor is it a case where a special tax to pay for land taken for opening a street is levied upon other land than that so taken. Under the present constitution of this State special taxation of contiguous property is regarded as a branch of the taxing power, and the power to levy and collect such special taxes does not have its source in the constitutional provisions in regard to the right of eminent domain. (*Chicago and Alton Railroad Co.* v. *City of Joliet, supra*). The objection, that appellant receives no compensation, proceeds upon the assumption that its property is not benefited at all by the improvement, but, as has already been said, the common council have determined that it has been benefited, and where such benefit is equivalent to the amount of the tax, there is compensation.

We have held, that an ordinance, requiring the cost of improving a street to be levied by special taxation upon real estate abutting thereon in proportion to the frontage of the several lots, is not in violation of the present constitution of the State. (*City of Springfield* v. *Green,* 120 Ill. 269; *Wilbur* v. *City of Springfield,* 123 id. 395; *County of Adams* v. *City of Quincy,* 130 id. 566; *Davis* v. *City of Litchfield,* 145 id. 313). Counsel contends that, if the ordinance itself is an absolute determination of benefits, and if evidence is not admissible to show the entire absence of benefit, then there is here a taking of its property without due process of law. We do not deem it necessary to discuss this contention, because, as matter of fact, the court below permitted appellant to introduce proof to show that the land would not be benefited, and also permitted appellee to introduce proof to show that the land would be benefited, and decided from such proof that the land was benefited. We see no reason for disturbing this decision. The appellant, having had a hearing upon the question whether its property has been benefited or not, has not been deprived thereof without due process of law by reason of the imposition of the special tax here objected to.

The present proceeding is under section 17 of article 9 of the City and Village act, and what is here said applies only to that section, and its construction by this court, as the section was before the passage of the act of June 21, 1895, amendatory thereof. The latter act provides expressly, that an ordinance directing the making of a local improvement by special taxation shall not be deemed conclusive of the benefit to the property, but that the question of benefit and of the amount of the tax shall be subject to the review and determination of the county court and shall be tried in the same manner as in proceedings by special assessment. (Laws of 1895, p. 100).

The judgment of the county court is affirmed.

*Judgment affirmed.*