## The Illinois Central Railroad Company

*v.*

### The People *ex rel.* John F. Ashwill.

*Opinion filed November 8, 1897.*

1. SPECIAL TAXATION—*portions of right of way may be specially taxed to build sidewalks across.* Portions of a railroad right of way included between cross-streets may be specially taxed for the cost of sidewalks built on such streets across the right of way.

2. SAME—*what a sufficient description of portions of right of way taxed for sidewalk.* Portions of a railroad right of way included between cross-streets, specially taxed for the cost of sidewalks built on such streets across the right of way, may be described as being parcels of land on the particular side of the street, having a frontage equal to the distance between the track and the respective limits of the right of way upon each side, and having a designated depth not exceeding the distance between such cross-streets.

3. SAME—*prior to act of 1895 council's determination on benefits was final.* Prior to the amendment of section 17, article 9, of the City and Village act, in 1895, (Laws of 1895, p. 100,) the determination of the city council upon the question of benefits to contiguous property specially taxed for an improvement was final.

4. SAME—*what not a valid objection to application for sale.* It is not a valid objection to an application for judgment of sale of land for a delinquent sidewalk tax levied under proceedings instituted under the Sidewalk act of 1875, (Laws of 1875, p. 63,) that the collector had not exhausted the owner's personal property before resorting to the land, as the part of section 3 of the act of 1875 relating to the mode of collecting a sidewalk tax is unconstitutional.

5. WAIVER—*appearance waives defects in notice of application for judgment of sale.* By appearing and filing objections to the county collector's application for judgment of sale of lands for a delinquent special tax, the owner waives all defects in the collector's notice of the intended application.

APPEAL from the County Court of Cumberland county; the Hon. G. MONOHAN, Judge, presiding.

This is an appeal from a judgment of the county court of Cumberland county against delinquent lands belonging to the appellant, situated in the village of Neoga in that county, upon the application of the treasurer and

*ex officio* collector of the county for judgment against the same on account of the non-payment of the taxes and assessments due thereon for the year 1895. The village of Neoga passed ordinances providing for the construction of sidewalks upon certain streets in the village, and providing that the cost therefor should be paid by special taxation of the lots, parts of lots or parcels of land contiguous to and abutting said streets along the line of the improvement according to the frontage on said sidewalks. The appellant company entered its appearance, and filed objections to the entry of judgment against its delinquent lands. Upon the trial of these objections testimony was introduced by the village and by the appellant. The court overruled the objections, and entered judgment in accordance with the application of the collector.

The property specially taxed for the building of sidewalks is described in the delinquent list, as published and as filed in the office of the clerk of the county court, as follows:

"Name of owner: Illinois Central Railroad Company.
Special taxes for local improvements in the village of Neoga.
   Description of premises.

Sidewalk between Chestnut and Oak Streets.
First North Street.

|  | Feet front. | Amount. |
|---|---|---|
| N. side and W. of R. R. track. | Frontage, 83x200 deep, | $174.25 |
| N. side and E. of R. R. track. | Frontage, 96x200 deep, | 201.53 |
| S. side and W. of R. R. track. | Frontage, 83x200 deep, | 174.26 |
| S. side and E. of R. R. track. | Frontage, 96x200 deep, | 201.53 |

Sidewalk between Chestnut and Oak Streets.
First South Street, on both sides.

|  | Feet front. | Amount. |
|---|---|---|
| N. side and W. of R. R. track. | Frontage, 83x200 deep, | $190.91 |
| N. side and E. of R. R. track. | Frontage, 96x200 deep, | 220.82 |
| S. side and W. of R. R. track. | Frontage, 83x200 deep, | 190.91 |
| S. side and E. of R. R. track. | Frontage, 96x200 deep, | 220.83 |

Sidewalk between Chestnut and Oak Streets.
Second South Street.

|  | Feet front. | Amount. |
|---|---|---|
| N. side and W. of R. R. track. | Frontage, 83x200 deep, | $174.76 |
| N. side and E. of R. R. track. | Frontage, 96x200 deep, | 201.83" |

On the trial the following stipulation was entered into: "It is stipulated by the parties in interest, and the Illinois Central Railroad Company, that these sidewalks wherein special assessments were made were built fronting lands as follows: That is to say, that Oak street is east of the track of the Illinois Central Railroad Company and that Chestnut street is west of the track of the Illinois Central, and that both Oak and Chestnut streets run north and south, parallel with the track of the Illinois Central Railroad Company; that there is ninety-six feet between Oak street and the track and eighty-three feet between the track and Chestnut street, and that each sidewalk between the track and Oak street was built ninety-six feet, commencing at Oak street and running west to the track on the east side of the track, and the sidewalks were built eighty-three feet commencing at Chestnut street and running east to the track on the west side of the track, and that the assessments were made against the land fronting, adjoining and contiguous to each sidewalk; that First South street and Second South street and First North street run east and west, in said village of Neoga."

Clark & Scott, for appellant.

Smith Misner, State's Attorney, James W. Craig, Edward C. Craig, and Emery Andrews, for appellee.

Mr. Justice Magruder delivered the opinion of the court:

*First*—The appellant filed seven objections to the entry of judgment against its property. The first, third and fourth of these objections may be considered together, as they charge in substance that the description of the real estate, upon which the special taxes for the building of the sidewalks were levied, was defective. The lands specially taxed were parts of the right of way of the appellant. The description thereof is alleged to be in-

definite and void for uncertainty; and it is also more particularly averred, that there is no such subdivision of the appellant's right of way or other lands, as is expressed by the list of delinquent lands, lots, etc., filed in the cause.

The property, upon which the special taxes are levied, is described as belonging to appellant. The first sidewalk is described as being a sidewalk between Chestnut and Oak streets on the north side of First North street west of the railroad track. The land contiguous to and abutting upon the sidewalk is described as having a frontage upon the street of 83 feet and a depth of 200 feet; the second sidewalk is described as being upon the north side of the street and east of the railroad track having a frontage on the street of 96 feet and a depth of 200 feet; the third and fourth sidewalks are described as being on the south side of said street west and east of the railroad track, and having the same frontage and depth respectively as above stated; four other sidewalks are described as being between Chestnut and Oak streets on both sides of First South street west and east of the railroad track, having respectively the same frontage and depth as above indicated; also two other sidewalks are described as being between Chestnut and Oak streets upon the north side of Second South street west and east of the railroad track, having the same frontage and depth as above indicated. The description of the improvement is more particularly set forth in the statement which precedes this opinion. The sidewalks did not extend all the way across the right of way of the railroad company, but only up to the east and west sides of the track. It is conceded by the stipulation, that the distance from the east side of Chestnut street, which was west of the track, to the west side of the track was 83 feet. It is also conceded, that the distance from the west side of Oak street, which was on the east side of the track, to the east side of the track was 96 feet. Hence, each sidewalk upon the west side of the track and the north side of the street abutted upon and

was contiguous to a parcel of land belonging to the railroad company, whose frontage was 83 feet. Each sidewalk upon the east side of the track and north side of the street abutted upon and was contiguous to land of the railroad company, which had a frontage of 96 feet upon the north side of the street. There was no indefiniteness nor uncertainty in the description of the land abutting upon the street. It was that portion of the right of way, which had a certain definite frontage upon the street, and to which was assigned a certain definite depth. In other words, each tract of land specially taxed which was west of the track was 83 feet wide on two sides and 200 feet wide on the other two sides, and each tract east of the track was 96 feet wide on two sides and 200 feet wide on the other two sides. This was the case with the land abutting upon the sidewalks upon the north and south sides of two of the streets west and east of the railroad tracks, and upon the north side of the third street upon the west and east sides of the track. It is not denied, that the frontage of the sidewalks built upon the west side of the track was 83 feet, and that the frontage of the sidewalks built upon the east side of the track was 96 feet. It is probable, that the 200 feet, assigned as the depth of the portion of the right of way specially taxed, was either one-half or the whole of such right of way as lay between the street, on which the sidewalk was built, and the next street crossing the railroad track either north or south of the sidewalk so built. Appellant introduced no proof, showing that 200 feet was not the correct depth of the land having a frontage of either 83 feet or 96 feet.

It is admitted in the stipulation, that "the assessments were made against the land fronting, adjoining and contiguous to each sidewalk." When the property is thus contiguous to the proposed street improvement, it falls within the designation of property that may be specially taxed for the making of the local improvement. (*Kuehner*

v. *City of Freeport*, 143 Ill. 92). Counsel for appellant take
the position that, inasmuch as the right of way of the
railroad company is an entirety as extending through
the whole State, the village authorities had no right to
specially tax any particular part of such right of way;
and that, if it could specially tax any particular part of
such right of way, it could only levy the special taxes
upon the whole of the right of way passing through the
village and extending from one side of the village to the
other side thereof. It is said that the village authorities,
by levying an assessment upon a particular portion of
the right of way, assumed to make a subdivision of said
right of way. This contention is without force. It has
been held by this court, that the right of way of a rail-
road company is subject to special taxation for a local
improvement. (*Chicago, Rock Island and Pacific Railway Co.*
v. *City of Moline*, 158 Ill. 64; *Chicago and Northwestern Rail-
way Co.* v. *Village of Elmhurst*, 165 id. 148, and cases referred
to). But the right to specially tax the right of way would
be of little value, if the portion of the right of way con-
tiguous to and abutting upon the sidewalk, or other local
improvement to be constructed, could have no other de-
scription than that which included the whole right of way
as passing through a village, town, city or State. Au-
thorities are referred to where levies of special taxes
and special assessments and general taxes were held to
be invalid on account of defective descriptions. But
these cases have no application to the case at bar. For
instance, counsel refer to the case of *People* v. *Chicago
and Alton Railroad Co.* 96 Ill. 369; there a piece of land as-
sessed for taxation was designated as lot 15 when there
was no recorded plat of the property, of which said lot
15 was supposed to be a part indicating the existence of
any such lot as lot No. 15. Here, however, the property
specially taxed is not described as a lot in any subdi-
vision, but it is described as a parcel of land having a
frontage of 83 or 96 feet and a depth of 200 feet. The

rule is that property must be so described that it can be identified. The property, upon which the present tax was levied, is easily identified by the description in the delinquent list. The present assessment was made under the act of April 15, 1875, providing for the construction of sidewalks in cities, towns and villages. Section 1 of that act provides that sidewalks may be constructed "by special taxation of the lot, lots or parcels of land touching upon the line where any such sidewalk is ordered." There is here no limitation of the right of special taxation to any "lot" or "lots," but the taxation may be upon any "parcel of land" as well as upon any "lot" or "lots." The description used in the present delinquent list is certainly the description of a parcel of land. (1 Starr & Cur. Stat.—2d ed.—p. 857).

So, in the case of *People* v. *Dragstran,* 100 Ill. 286, referred to by counsel, the description was "the north half of the north-east quarter of section 1 giving no township and range." The description there was held to be defective, and the court was held to have no jurisdiction to render the judgment, because the description did not indicate in what township and range section 1 was located. As there were several sections 1 in the county, and as there was nothing in the record to show which section 1 was intended, there was no means of identifying the property described in the delinquent list. No such defect exists here. The objection, that the description is defective and uncertain, is not well taken.

*Second*—It is objected, that the notice, published by the county collector of his intended application for judgment against the lands and lots delinquent for the taxes of 1895 in said county, was irregular and void, and that the certificate of publication of the list was uncertain, irregular and insufficient. As to this objection, it is sufficient to say, that the appellant entered its appearance in the court below, and there filed objections and introduced testimony in support of its objections; and, hav-

ing thereby submitted to the jurisdiction of the court, it waived any defect which existed in the publication notice. In personal actions, if the defendant appears and pleads to the merits, he thereby submits himself to the jurisdiction of the court, and it makes no difference whether the notice given by publication was defective or not, or whether there was any advertisement of the notice at all or not. The same rule, which holds good in personal actions, is also applied to applications for judgment against delinquent property for taxes. (*People* v. *Sherman*, 83 Ill. 165; *Hale* v. *People*, 87 id. 72; *Mix* v. *People*, 106 id. 425). It follows, that the objection as to the notice was properly overruled.

*Third*—The objection is made by counsel for the appellant, that the property specially taxed for the construction of the sidewalk was not benefited in any way by the improvement. This was not a valid objection, because the question of benefits was settled by the determination of the common council when it passed the ordinance providing for the improvement, and was not open for determination upon the application for judgment and sale of the property. (*Chicago and Alton Railroad Co.* v. *City of Joliet*, 153 Ill. 649). This proceeding was not under the amendatory act of June 21, 1895, referred to in *Chicago and Northwestern Railway Co.* v. *Village of Elmhurst*, *supra*.

*Fourth*—The next objection made by appellant is, that the special taxes for the construction of the sidewalks were not levied under or by virtue of any valid or subsisting ordinances of the village of Neoga. In support of this objection, counsel offered in evidence the ordinances, providing for the construction of the sidewalks, announcing that they so offered them for a particular purpose and no other. When offering them, counsel stated to the court their object to be to show by such ordinances, that no committee was therein appointed to estimate the cost of the sidewalk; that, therefore, no committee could, or did, report to the board of trustees of the village any

estimate of such cost; and that there was no provision in said ordinance, ordering or requesting any one to file a petition in the county court for the appointment of commissioners to make the assessment for the special tax for the building of the sidewalks. The ordinances introduced for the purpose thus indicated were incompetent. The provisions in regard to the appointment of a committee to estimate the cost of the improvement, and in regard to a petition for the appointment of commissioners, etc., are contained in article 9 of part 1 of the City and Village act, and apply altogether to another class of improvements than the construction of sidewalks. The act of 1875 in regard to sidewalks, under which the present proceeding was instituted, contains no provision in relation to the matters specified in the offer made by counsel. We do not deem it necessary to set forth or discuss the manner of determining the cost of sidewalks, or the mode of collecting special taxes therefor, as set forth in said act of 1875. They may be seen by reference to the terms of that act. It is sufficient to say, that the act of 1875 has been held by this court to be valid and constitutional, except in regard to the provisions of section 3 which are hereafter referred to. (*White* v. *People*, 94 Ill. 604; *Weld* v. *People*, 149 id. 257; *Craw* v. *Village of Tolono*, 96 id. 255). This objection was, therefore, properly overruled.

*Fifth*—If we understand the next objection made by counsel, it is this: that the railroad company had at all times, while the warrant for the collection of the special tax was in the hands of the collector, sufficient personal property in the village out of which the special tax could have been collected; and that it was the duty of the collector first to levy upon such personal property before levying the taxes upon the realty. In *Craw* v. *Village of Tolono, supra,* this court expressly held, that so much of the third section of the said act of 1875, as authorized the cost of sidewalks, or any part thereof, to be recovered of

the owners of the property contiguous to the improvement by action at law, was unconstitutional and inoperative; and that so much of section 3, as seemed to authorize a seizure, by warrant issued by the collector, of the personal property of the owner in satisfaction of such special tax, was without constitutional authority and void.   (See, also, *Illinois Central Railroad Co.* v. *People*, 161 Ill. 244).   In view of the decisions thus made, the collector had no power to seize the personal property of the appellant under a warrant issued by the clerk.   The appellant put the president of the board of trustees of the village upon the stand, and proposed to show by him, that, if any warrants for the collection of this special tax had been issued and placed in the hands of the proper officer, there was personal property enough belonging to the appellant to have paid the taxes.   The county court refused to allow this proof to be introduced, and there was no error in this ruling.   Hence, this objection was properly overruled.

The judgment of the county court is affirmed.

*Judgment affirmed.*