J. T. HACKWORTH *et al.,* Appellees, v. CITY OF OTTUMWA, THE ASSYRIAN ASPHALT COMPANY *et al.,* Appellants.

A. H. HAMILTON *et al.,* Appellants, v. The Same Defendants.

**Constitutional Law:** PAVING TAX: *Frontage rule.* The apportionment of the cost of a street pavement on the abutting lots according to their frontage, under Code 1897, section 818, providing that the cost of any street improvement shall be assessed as a special tax against the property abutting thereon in proportion to the number of lineal front feet of each parcel so abutting, is not unconstitutional, as taking property without due process of law.

*Appeal from Wapello District Court.*—HON. FRANK W. EICHELBERGER, Judge.

FRIDAY, OCTOBER 4, 1901.

SUITS in equity to set aside and enjoin the collection of certain special assessments levied against the property of plaintiffs for the construction of a pavement on a street in the defendant city. The trial court sustained a demurrer to the defendants' answer, and defendants appeal.—*Reversed.*

*W. H. C. Jaques,* City Solicitor, for appellants.

*W. W. Epps* for appellant Assyrian Asphalt Company.
¡*Work & Work* for appellees.

DEEMER, J.—This case squarely presents the question
of the constitutionality of the different sections of the Code
of 1897 relating to special assessments for paving streets and
alleys.   The material parts of those sections read as follows:
Section 818.   "The cost of making or reconstructing any
street improvement authorized in this chapter, except that
embraced in the preceding section, and that hereinafter
provided to be assessed to street railways, shall be
assessed as a special tax against the property abut-
ting thereon in proportion to the number of lineal front feet
of each parcel so abutting."   Section 820 requires that the
city council, as a board of public works, shall "ascertain what
portion of such costs thereof, including the costs of estimates,
notices, inspection and preparing the assessment and plat,
and shall ascertain what proportion of such costs shall be
by law and the ordinance or resolution of the city council,
under which said improvement was made or sewer con-
structed, assessable upon abutting property," with the right
always of an appeal therefrom to the chancery branch of the
district court, where all equities between the city and the
citizen can be litigated.   Section 823 is as follows:  "After
filing the plat and schedule, the council shall give at least ten
days' notice by two publications in each of the two news-
papers published in the city, if there be that number, other-
wise in one, and by handbills posted in conspicuous places,
along the line of such street improvement or sewer, that said
plat and schedule are on file in the office of the clerk, and
that within twenty days after the first publication all ob-
jections thereto, or to the prior proceedings, on account of
errors, irregularities or inequalities, must be made in writing
and filed with the clerk and the council, having heard such
objections and made the necessary corrections, shall then

make the special assessment as shown in said plat and sched-, ule, as corrected and approved." Section 839; "Any person affected by the levy of any special assessment provided for in this chapter, may appeal therefrom to the district court within ten days from the date of such levy, by serving written notice thereof upon the mayor or clerk, and filing a bond for costs, to be fixed and approved by either of said officers. Upon such appeal all questions touching the validity of such assessment, or the amount thereof, and not waived under the provisions of this chapter, shall be heard and determined. The appeal shall be tried as an equitable action, and the court may make such assessment as should have been made or direct the making of such assessment by the council. The costs of the appeal shall be taxed as in other actions." In the *Hackworth Case* all the plaintiffs united in a petition to the city council of defendant city asking the council to cause East Second street in said city to be paved with asphalt, and pursuant to the petition the council passed a resolution and proceeded to pave said street as requested. None of the plaintiffs in the *Hamilton Case* petitioned for the pavement, as we understand it, but on the date of the hearing on the special assessment they joined in a remonstrance objecting to the legality of the assessments. Pursuant to the statutes quoted and the ordinances and resolutions of the city, West Second street was paved with asphalt by the defendant Assyrian Asphalt Company, and the cost thereof was levied on abutting property owners under the front-foot rule. The action is to set aside and cancel these assessments.

The only question made by the demurrer to defendants' answer pleading the facts above cited, which was sustained by the trial court, it the constitutionality of the statutes prescribing assessments under the front-foot rule. The plaintiffs are each and all owners of lots abutting on West Second street, and, so far as shown, the lots are similarly situated with reference to the street, and are equally valuable. The city was divided into paving districts, and what are known as

districts 36, 37, and 38 were paved under ordinance and resolution of the city. The validity of these statutes has been questioned many times in this court, but we have uniformly held that there is nothing in them which runs counter to the provisions of our fundamental law. Without attempting to cite all the cases, we call attention to the following; *Warren v. Henly,* 31 Iowa, 31; *City of Burlington v. Quick,* 47 Iowa, 226; *Amery v. City of Keokuk,* 72 Iowa, 707; *Ford, v. Town of North Des Moines,* 80 Iowa, 626; *Farrell v. Manufacturing Co.,* 97 Iowa, 286; *Dewey v. City of Des Moines,* 101 Iowa, 416; *Allen v. City of Davenport,* 107 Iowa, 90. In view of these decisions, nothing is to be gained from further discussion, as none of us are prepared to overrule them. No good can result from a discussion of the nature of special assessments, or the fundamental difference between such assessments and ordinary taxation. That there is a difference we have recently held in *Chicago, R. I. & P. Ry. Co. v. City of Ottumwa,* 112 Iowa, 300. But the foundation of the power to levy special assessments is the right of taxation, rather than the police power or the right of eminent domain. We need not say more on the proposition that these statutes are void under our state constitution.

II. The trial court, evidently following the lead of *Village of Norwood v. Baker,* 172 U. S. 269 (19 Sup. Ct. Rep. 187, 43 L. Ed. 443), found, as many another court had done before, that the acts were in violation of the federal constitution, and therefore invalid. That this case seemed, at least on casual reading, to justify such a holding, must be conceded, but since the case at bar was tried the United States supreme court has sustained the validity of such statutes, and in a carefully prepared opinion distinguished *Village of Norwood v. Baker,* and held in effect that, "whether the expense of making such improvement [paving] shall be paid out of the general treasury or be assessed upon the abutting propety or other property specially benefited, and, if in the latter mode, whether the assessment shall be upon all property found to be benefited, or alone upon the abut-

ters according to frontage, or according to the area of their lots, is, according to the present weight of authority, considered to be a question of legislative expediency." See *French v. Asphalt Co.*, 181 U. S. 324 (21 Sup. Ct. Rep. 625, 45 L. Ed. —). The facts in the instant case are so similar to those in the *French Case* as to be ruled by that decision; and, as it is the latest from that final arbiter of such disputes, we will not do more than say that the majority follow the previous cases of *Parson v. District of Columbia,* 170 U. S. 45 (18 Sup. Ct. Rep. 521, 42 L. Ed. 943); *Spencer v. Merchant,* 125 U. S. 345 (8 Sup. Ct. Rep. 921, 31 L. Ed. 763), and other like cases.

There are other questions in the case that would be worthy of notice were the statutes found unconstitutional, but as we are not inclined to throw doubt on our previous holdings, and are constrained to follow the supreme court of the United States in its holding, we need to do no more than add the indicated word.—REVERSED.