[No. 6163.   Decided August 1, 1907.]

NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

MUNICIPAL CORPORATIONS — IMPROVEMENTS — ASSESSMENTS — DETERMINATION—REVIEW. A determination by a city council that abutting property is benefited by a local improvement is a legislative question, not subject to review by the courts, in the absence of fraud or arbitrary action.

SAME—PROPERTY BENEFITED—RAILROAD RIGHT OF WAY. The right of way of a railroad company abutting upon a local improvement may be assessed for benefits under a statute authorizing the assessment of abutting property in proportion to its frontage on the street improved.

SAME—METHOD OF ASSESSMENT—FRONTAGE. Assessments for local improvements in proportion to the frontage of the abutting property are valid.

SAME—RIGHT TO ASSESS—VALIDITY OF LIEN. The right to levy a special assessment against a railroad' right of way for local improvements is not dependent upon the question of whether a valid lien can be created against the property.

Appeal from an order of the superior court for King county, Albertson, J., entered February 17, 1906, upon findings in favor of the defendant, after a trial before the court without a jury, confirming a municipal assessment for local improvements.   Affirmed.

*Carroll B. Graves*, for appellant. A railroad right of way, permanently devoted to that purpose, receives no benefit from ' local improvements contemplated by the laws relating to special assessments.   *Village of River Forest v. Chicago etc. R.*

[1] Reported in 91 Pac. 244.

*Co.*, 197 Ill. 344, 64 N. E. 364; *New York etc. R. Co. v. New Haven*, 42 Conn. 279, 19 Am. Rep. 534; *Philadelphia v. Philadelphia etc. R. Co.*, 33 Pa. St. 41; *Junction R. Co. v. Philadelphia*, 88 Pa. St. 424; *Boston v. Boston etc. R. Co.*, 170 Mass. 95, 49 N. E. 95; *Detroit etc. R. Co. v. Grand Rapids*, 106 Mich. 13, 63 N. W. 1007, 58 Am. St. 466, 28 L. R. A. 793; *Chicago etc. R. Co. v. Ottumwa*, 112 Iowa 300, 83 N. W. 1074, 51 L. R. A. 763; *Chicago etc. R. Co. v. Milwaukee*, 89 Wis. 506, 62 N. W. 417, 28 L. R. A. 249; *Mt. Pleasant Borough v. Baltimore etc. R. Co.*, 138 Pa. St. 365, 20 Atl. 1052, 11 L. R. A. 520; *City of Allegheny v. Western Pennsylvania R. Co.*, 138 Pa. St. 375, 21 Atl. 763; *Hammett v. Philadelphia*, 65 Pa. St. 146, 3 Am. Rep. 615; *Naugatuck R. Co. v. Waterbury*, 78 Conn. 193, 61 Atl. 474. There is no power to enforce such an assessment. *Lake Shore etc. R. Co. v. Grand Rapids*, 102 Mich. 374, 60 N. W. 767, 29 L. R. A. 195; *Southern California R. Co. v. Workman*, 146 Cal. 80, 79 Pac. 586, 82 Pac. 79; *Sweaney v. Kansas City R. Co.*, 54 Mo. App. 265; *Bridgeport v. New York etc. R. Co.*, 36 Conn. 255, 4 Am. Rep. 63; *Connor v. Tennessee Cent. R. Co.*, 109 Fed. 931; *Gue v. Tide Water Canal Co.*, 24 How. 257, 16 L. Ed. 635; *Georgia v. Atlantic etc. R. Co.*, 3 Wood 434, Fed Cas. No. 5,351, and other cases cited.

*Scott Calhoun* and *O. B. Thorgrimson*, for respondent.

CROW, J.—The city of Seattle, by ordinance 12185, created local district 1059 for the improvement of Wallingford avenue and other streets, by constructing sidewalks, and directed that a special assessment be levied against the property therein to pay the cost thereof. The district consisted of all real estate to the depth of one hundred and twenty feet abutting on each side of the streets improved. An assessment roll was prepared, filed, and notice given, in due form. Written objections made by the Northern Pacific Railway Company were overruled by the city council, and upon appeal were again overruled by the superior court of King county.

From the order of the superior court confirming the assessment, the Northern Pacific Railway Company has appealed.

The assessment was made upon all abutting property according to frontage. The trial court found that the appellant has an abutting right of way, varying from sixty to one hundred feet in width, which has been assessed; that it was acquired as a right of way, and is not used for any other purpose; that with the exception of a single track located thereon, it is vacant and unimproved; that the assessment levied is in proportion to the assessments on other lands in the district; that the appellant's land is within the limits of the city of Seattle, close to the north shore of Lake Union in a district now being used for the operation of mills and manufacturing plants; that said land is suitable for the purpose of building side tracks and spurs to reach the different mills and manufacturing plants which are now, or may hereafter be, built in such locality; that only a small portion of such right of way is used and occupied by the railroad track, and that the land will be benefited and its market value increased by the improvement. These findings are sustained by the record. The ordinance creating the district and directing an assessment upon all abutting property according to frontage, was a legislative determination by the city council that all abutting property within such district will be benefited. With perhaps occasional exceptions involving fraudulent or arbitrary action, such legislative determination does not become the subject of review by the courts, but is final. *Smith v. Worcester,* 182 Mass. 232, 65 N. E. 40, 59 L. R. A. 728; *Duncan v. Ramish,* 142 Cal. 686, 76 Pac. 661; *Chicago etc. R. Co. v. Joliet,* 153 Ill. 649, 39 N. E. 1077; *Chicago etc. R. Co. v. Elmhurst,* 165 Ill. 148, 46 N. E. 437; *People ex rel. Scott. v. Pitt,* 169 N. Y. 521, 62 N. E. 662, 58 L. R. A. 372; *Illinois Cent. R. Co. v. People ex rel. Ashwill,* 170 Ill. 224, 48 N. E. 215. In *Prior v. Buchler & Cooney Const. Co.,* 170 Mo. 439, 451, 71 S. W. 205, the court said:

"The question of whether the plaintiffs' lots would or would not be benefited by the construction of this sewer, is

a legislative and not a judicial question, and the municipal legislature adjudged that they would be benefited and fixed the ratio of such benefit, when it established the joint sewer district, and as there is no question of fraud or oppression of the municipal assembly in so passing such ordinance (even if such allegation would convert the question into a judicial one, as to which it is not necessary now to decide), such judgment of the assembly is conclusive."

In *Lightner v. Peoria,* 150 Ill. 80, 87, 37 N. E. 69, it is said:

"As already seen, the imposition of the tax is, of itself, a determination by the legislative authority of the city that the benefits to the contiguous property will be as great as the burden imposed. There is necessarily vested in the city council a large discretion in determining the extent of the improvement, what shall be included within it, and the nature and character of it. By the statute they are expressly authorized to determine that the improvement shall be made and paid for by special taxation of contiguous property, and unless there has been a clear abuse of the power and discretion conferred upon the city council, courts are powerless to interfere."

Judge Cooley, in his work on Taxation (3d ed.), vol. 2, at page 1208, says:

"It has been repeatedly decided that the legislative act of assigning districts for special taxation on the basis of benefits cannot be attacked on the ground of error in judgment regarding the special benefits, and defeated by satisfying a court that no special and peculiar benefits are received. If the legislation has fixed the district, and laid the tax for the reason that, in the opinion of the legislative body, such district is peculiarly benefited, its action must in general be deemed conclusive."

In his work on Constitutional Limitations (7th ed.), at page 729 *et seq.,* Judge Cooley says:

"On the other hand, and on the like reasoning, it has been held equally competent to make the street a taxing district, and assess the expense of the improvement upon the lots in proportion to the frontage. Here also is apportionment by

a rule which approximates to what is just, but which, like any other rule that can be applied, is only an approximation to absolute equality. But if, in the opinion of the legislature, it is the proper rule to apply to any particular case, the courts must enforce it."

The appellant contends that the land held and used by it as a right of way cannot be assessed for local street improvements; that a special assessment can only be levied when a special benefit produced by the improvement inures to the property assessed; that unless it can be affirmatively shown that some special benefit does result, no assessment can be imposed; that the strip of land used solely as right of way for railway trains is not benefited by the improvement of an abutting street; that the public use to which the land is exclusively devoted is not thereby rendered more valuable; that trains can pass and repass as well without as with the improvement; that appellant only occupies its land as a right of way, not owning the fee, and that its easement is not subject to special assessment. Although the appellant may not hold the fee simple title, there is no reasonable or immediate probability that it will abandon the land. Its use will doubtless be perpetual. Appellant, is therefore, for all practical purposes, the substantial owner. The fee subject to its use and easement is of but little value, if any. Except for appellant's occupancy, no suggestion would be made that the land was not benefited by the improvement, or that it would not be subject to the assessment. The particular use of the land cannot affect its liability to assessment. Abutting property cannot be relieved from the burden of a street assessment simply because its owner has seen fit to devote it to a use which may not be specially benefited by the local improvement. The benefit is presumed to inure, not to such present use, but to the property itself, affecting its value. Appellant cites the following authorities to show that its right of way cannot be subjected to special local assessments: *River Forest v. Chicago etc. R. Co.*, 197 Ill. 344, 64 N. E. 364; *New York etc. R. Co. v. New Haven*, 42

Conn. 279, 19 Am. Rep. 534; *Philadelphia v. Philadelphia etc. R. Co.*, 33 Pa. St. 41; *Junction R. Co. v. Philadelphia*, 88 Pa. St. 424; *Boston v. Boston etc. R. Co.*, 170 Mass. 95, 49 N. E. 95; *Detroit etc. R. Co. v. Grand Rapids*, 106 Mich. 13, 63 N. W. 1007, 58 Am. St. 466, 28 L. R. A. 793; *Chicago etc. R. Co. v. Milwaukee*, 89 Wis. 506, 62 N. W. 417, 28 L. R. A. 249; *Mt. Pleasant v. Baltimore etc. R. Co.*, 138 Pa. St. 365, 20 Atl. 1052; *Allegheny v. Western Pennsylvania R. Co.*, 138 Pa. St. 375, 21 Atl. 763; *Naugatuck R. Co. v. Waterbury*, 78 Conn. 193, 61 Atl. 474.

While these cases seem to be in point, there is a sharp conflict of authority on this question. We think the best-considered cases and the weight of modern authority, from which citations are hereinafter made, are opposed to appellant's contention. No citation of authority is necessary in support of the fundamental principle that the right of a municipality to levy special assessments depends on statutory enactment, and that it has no existence unless there be a valid statute conferring it. It is also elementary that the whole theory of special assessment is based on the doctrine that the property against which it is levied derives some special benefit from the local improvement. The appellant makes no contention that the assessment was not levied by regular statutory procedure; that it was not made proportionately on all lands in the district, or that any statute expressly exempts its right of way. Its position seems to be that, having shown the exclusive use of the land for a right of way, it must be conclusively presumed that it has not been benefited by the improvement, and therefore cannot be assessed at all. In other words, it does not question the amount of the assessment levied, but the validity of any assessment. This position cannot be sustained. After the proper legislative authority (in this case the city council) has by ordinance established a local improvement district, which includes all abutting property, and has directed an assessment according to frontage, the presumption is that all abutting property within such district is benefited by the

improvement without regard to the use to which it may be applied.

Subdivisions 10 and 13, of § 739, Bal. Code (P. C. § 3732), expressly grant to councils of cities of the first class legislative authority to provide for local improvements, to determine that they may be made at the expense of abutting property, and to levy assessments therefor on benefited property. The same powers are granted by subdivisions 10 and 13 of section 18 of article 4 of the charter of the city of Seattle. Subdivision 3, § 11, art. 8, of the city charter authorizes the establishment by ordinance of a local improvement district which shall embrace all property benefited by the improvement, and further provides that:

"Unless otherwise provided in such ordinance such district shall include all the property between the termini of said improvement abutting upon, adjacent or proximate to the street, lane, alley, place or square proposed to be improved, to a distance back from the marginal line thereof one hundred twenty (120) feet, and all property included within said limits of such local improvement district shall be considered and held to have a frontage upon such improvement, and *shall be the property specially benefited by such local improvement*, and shall be the property assessed to pay the cost and expense thereof, or such proportion thereof as may be chargeable against the property specially benefited by such improvement, which cost and expense shall be assessed upon all of said property so benefited, in proportion to the frontage thereof upon such improvement."

This provision confers on the council legislative authority to determine what property will be benefited. In this case the council have by ordinance determined that all property abutting on the improvement to a distance of one hundred and twenty feet from the line thereof, which includes the appellant's right of way, has been benefited, and has directed that the assessment be made thereon in proportion to frontage. This method of making assessments according to frontage has been held valid and constitutional by the great weight of modern authority. Elliott, Roads & Streets (2d ed.), § 559;

2 Cooley, Taxation (3d ed.), pp. 1217, 1218, and cases cited; *French v. Barber Asphalt Paving Co.*, 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879; *Webster v. Fargo*, 181 U. S. 394, 21 Sup. Ct. 623, 645, 45 L. Ed. 912; *Sheley v. Detroit*, 45 Mich. 431, 8 N. W. 52; *Hackworth v. Ottumwa*, 114 Iowa 467, 87 N. W. 424; *Harrisburg v. McPherran*, 200 Pa. St. 343, 49 Atl. 988; *Parsons v. District of Columbia*, 170 U. S. 45, 18 Sup. Ct. 521, 42 L. Ed. 943; *King v. Portland*, 38 Ore. 402, 63 Pac. 2, 55 L. R. A. 12; *King v. Portland*, 184 U. S. 61, 22 Sup. Ct. 290, 46 L. Ed. 431.

This court, in the case of *McNamee v. Tacoma*, 24 Wash. 591, 64 Pac. 791, where a reassessment had been made on the front-foot basis, held such a method of assessment to be proper, and having distinguished *Norwood v. Baker*, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443, substantially as it was afterwards distinguished in *French v. Barber Asphalt Paving Co.*, 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879, and later cases by the supreme court of the United States, reversed the judgment of the superior court which had held the statute allowing an assessment according to frontage to be unconstitutional.

In *Sheley v. Detroit, supra,* Mr. Justice Cooley said:

"We might fill pages with the names of cases decided in other states which have sustained assessments for improving streets, though the apportionment of the cost was made on the same basis as the one before us. If anything can be regarded as settled in municipal law in this country, the power of the legislature to permit such assessments and to direct an apportionment of the cost of frontage, should by this time be considered as no longer open to controversy. Writers on constitutional law, on municipal law, and on the law of taxation have collected the cases, and have recognized the principle as settled, . . . ."

As above stated, however, the theory of the appellant is that the judgment of the superior court confirming the assessment is erroneous, for the reason that, according to its contention, neither the statute nor the city charter contemplates

that its lands, which are at present used exclusively as a right of way, shall be assessed; that an assessment can be upheld only on the theory of benefits conferred equal to the assessment imposed, and that in its very nature its right of way cannot receive any such benefit. We have heretofore mentioned the cases cited by appellant in support of this contention. There are, however, numerous authorities announcing the contrary doctrine which we now approve, holding that the right of way of a railroad is liable to special assessments for local improvements. This rule should certainly be adopted in this case, as our statutes and the charter of the city of Seattle confer such broad legislative authority upon the city council to determine what lands shall be included in the district as benefited by the improvement. 2 Cooley, Taxation (3d ed.), p. 1234; *Louisville etc. R. Co. v. Barber Asphalt Paving Co.*, 116 Ky. 856, 76 S. W. 1097; *Ludlow v. Trustees*, 78 Ky. 357; *Northern Indiana R. Co. v. Connelly*, 10 Ohio St. 159, 36 Am. Dec. 82; *Louisville etc. R. Co. v. Barber Asphalt Paving Co.*, 197 U. S. 430, 25 Sup. Ct. 466; *Chicago etc. R. Co. v. Joliet*, 153 Ill. 649, 39 N. E. 1077; *Chicago etc. R. Co. v. Elmhurst*, 165 Ill. 148, 46 N. E. 437; *Illinois Cent. R. Co. v. People ex rel. Ashwill, supra; Pittsburg etc. R. Co. v. Hays*, 17 Ind. App. 261, 44 N. E. 375, 45 N. E. 675, 46 N. E. 597; *Peru etc. R. Co. v. Hanna*, 68 Ind. 562; *Rich v. Chicago*, 152 Ill. 18, 38 N. E. 255; *Indianapolis etc. R. Co. v. Capital Paving etc. Co.*, 24 Ind. App. 414, 54 N. E. 1076; *State v. Passaic*, 54 N. J. L. 340, 23 Atl. 945; *State v. Lewis Co.*, 82 Minn. 390, 85 N. W. 207, 86 N. W. 611, 53 L. R. A. 421 (on rehearing).

In *New Whatcom v. Bellingham Bay etc. R. Co.*, 16 Wash. 137, 47 Pac. 237, we held that it was not within our province to say that a railroad right of way could, under no circumstances, be benefited by a street improvement, and sustained a special assessment on such right of way. We cannot express our views more clearly on this question than by quoting at

length from the language of Mr. Justice Peck, in *Northern Indiana R. Co. v. Connelly, supra:*

"If railroad tracks are taxable for general purposes, it is difficult to perceive why they should not be subject also to special taxes or assessments. The company, to advance its own interests, has seen fit to appropriate to its use, ground within the corporate limits of the city of Toledo, and over which that city had the power of making assessments to defray the expense of local improvements, and why should not the company be held to have taken it *cum onere?* A citizen would scarcely claim exemption, because he had devoted his lot to uses which the improvement could not in any way advance, and we see no good reason why a railroad company should be permitted to do so. The company have the exclusive right to the possession, so long as it is used for the road, and if the road-bed was exempt from taxation for general purposes, it would by no means follow that it was not liable for such special assessments. See 11 Johns. Rep. 77, where church sites, which by the laws of New York, were exempt from taxation, were held to be liable for such assessments. But it is said that assessments, as distinguished from general taxation, rest solely upon the idea of *equivalents,* a compensation proportioned to the special benefits derived from the improvement, and that in the case at bar, the railroad company is not, and in the nature of things cannot be, in any degree, benefited by the improvement. It is quite true that the right to impose such special taxes, is based upon a presumed equivalent; but it by no means follows that there must be in fact such full equivalent in every instance, or that its absence will render the assessment invalid. The rule of apportionment, whether by the front foot or a percentage upon the assessed valuation, must be *uniform,* affecting all the owners and all the property abutting on the street alike."

In *Louisville etc. R. Co. v. Barber Asphalt Paving Co.,* 197 U. S. 430, 25 Sup. Ct. 466, the first syllabus reads as follows:

"In determining whether an improvement does, or does not, benefit property within the assessment district, the land should be considered simply in its general relations and apart from its particular use at the time; and an assessment, otherwise legal, for grading, paving and curbing an adjoining street is not void under the Fourteenth Amendment because the lot is

not benefited by the improvement owing to its present particular use."

In *Ludlow v. Trustees, supra,* the court of appeals of Kentucky said:

"While assessments of this character, as distinguished from general taxation, rest upon the basis of benefits or presumable benefits to the property assessed, it is not essential to their validity that actual enhancement in value, or other benefit to the owner, shall be shown. The passage of the ordinance by the city council, under the power granted in the charter, is conclusive of the propriety of the improvement, and of the question of benefit to the owners of abutting property (*Northern Indiana R. R. Co. v. Connelly,* 10 Ohio State, 164). Absolute equality in the distribution of such burdens cannot be attained. An approximation to equality is all that is possible, but in reaching this point the present or prospective use of the property cannot enter into the calculation."

It might possibly be suggested that, in many of the cases here cited, the attacks made on the validity of special assessments were collateral, while in this instance the attack is direct. It is true that this hearing is on written objections to the proposed assessment. The objections which may be presented and adjudicated in a proceeding of this character do not extend to or question the right of the city council, in the exercise of its legislative authority, to determine that appellant's land is benefited and shall be included in the assessment district, but the appellant has the right to question by such objections all matters of procedure and the equality of the assessments made.

In *People ex rel. Scott v. Pitt, supra,* the court of appeals of New York, in passing on a statute of that state quite similar to the statutory and charter provisions here involved, said:

"The provisions of the charter did not deny to the relator the right to a judicial hearing before the assessment became conclusive upon him, and so far as that right is secured to the *citizen* by the Constitution or any principle of law in proceedings for imposing a tax or assessment it was not disregarded or violated by the statute in question. The relator

was, by the terms of the act, entitled to a hearing and had a hearing before the local authorities upon every question to which the right applied. He had the right to show that the proceedings for the construction of the sewer were not initiated or conducted as required by the statute. He had the right to show that his property was so situated that he could not use the sewer for drainage purposes. He had the right to show that he owned no property on the line of the street, or if he did that the width was erroneously estimated. He had the right to a hearing upon every question relating to the validity or amount of the assessment except the principle or rule of apportionment and that was prescribed by the legislature in the exercise of its discretion, and he had no more right to a hearing upon that question after the statute was enacted than he had to a hearing upon the question whether his property should be assessed at all."

The determination of the city council that the appellant's land is benefited and should be included in the local improvement district and assessed, is final under any showing made in this case.

The appellant further contends that, even if it should be held that its right of way will receive some special benefit from the improvement, the assessment should not be made, as no lien can be enforced therefor. It insists there is no law in this state, nor any provision in the statute, for special assessments, which permits the road and right of way of a public service corporation to be broken up or sold in fragments, and the exercise of its franchise to be destroyed by piecemeal foreclosure and sales. The right and power to levy a special assessment upon the appellant's right of way is not in any way dependent upon the question as to whether a valid and enforcible lien can be created against its property. *Troy etc. R. Co. v. Kane*, 9 Hun. 506.

We do not understand that either the collection of the assessment, or the enforcement of any lien, is now before us for consideration. In this proceeding we cannot be called upon to anticipate and determine the validity of any method the city of Seattle may adopt for the collection of the assessment. It

will be ample time for us to pass upon that question when it is directly presented.

The judgment is affirmed.

HADLEY, C. J., DUNBAR, and ROOT, JJ., concur.

MOUNT and RUDKIN, JJ., took no part.