[No. 12674.· Department One.    September 21, 1915.]

*In re* Appeal of City of North Yakima, *et al.*, Improvement District No. 255.[1]

Municipal Corporations—Improvements — Sewers — Benefits— Judicial Review. A determination by a city council that a sewer is a benefit to abutting property already served by an existing sewer, is a legislative question not subject to review by the courts in the absence of fraud, and is sustained by evidence that the existing sewer was inadequate and additional facilities were needed, or soon would be; as a city may anticipate future necessities.

Same—Improvements—Sewers—Benefits — Evidence — Sufficiency. Property owners are benefited by the replacing of an old, inadequate sewer, to which they had no access except by mere license, by a new, larger and more efficient one which the legislative authorities of the city had decided was necessary, in the absence of fraud or arbitrary action.

Cross-appeals from a judgment of the superior court for Yakima county, Grady, J., entered December 16, 1914, modifying an assessment roll upon appeal from confirmation thereof, after a hearing before the court. Reversed as to city's appeal, and affirmed as to the others.

*Guy O. Shumate,* for appellant city of North Yakima.

*Parker & Holden,* for respondents and cross-appellants.

Holcomb, J.—On August 4, 1913, the city commission of North Yakima initiated, by resolution of intention, a proceeding to construct, at the expense of the property to be benefited, a vitrified clay pipe sewer, eight inches in internal

[1]Reported in 151 Pac. 795.

diameter, in the alley extending through blocks 52, 53, 54 and 55, North Yakima.

A hearing was had on the resolution of intention and no objections to the improvement were filed. On August 25. 1913, an ordinance was passed for the construction of the sewer. Notice for competitive bids was published, bids received, and on September 8, 1913, the contract let and the work was done. After the work was completed, an assessment roll assessing the property owners on each side of the improvement for the entire cost of construction was prepared. Pursuant to notice of hearing on objections by any and all persons interested, on January 12, 1914, a hearing was had, and certain formal objections in writing by certain protesting property owners were filed and heard. The objections were overruled by the city commission and the assessment roll confirmed. The protesting property owners appealed to the superior court, and there judgment was entered that the roll be modified by striking the assessments against the properties of certain protestants and confirmed as to others. The city appealed from the judgment modifying the roll, and the protestants against whom the roll was confirmed also appealed.

The sewer constructed has its outlet in a previously constructed sewer, called the Maple street sewer. A sewer had previously been laid by the city along Second street on one side of these blocks paralleling the new sewer its entire length at a distance of one hundred fifty feet therefrom, known as the "Jones sewer." The Jones sewer has an average depth of seven and one-half to nine feet, and is of sufficient carrying capacity to drain the properties of the protestants as to whom the assessments were stricken. It is still in use and it is not contemplated to abandon it. The new sewer is four to four and one-half feet deeper than the Jones sewer. The cross-appellants' properties are located on Third street, the street on the other side of the blocks from the Jones sewer in Second street. The construction of a state armory on Third

street, and a school, a bank building, and a flat building with basements deeper than had theretofore been constructed in that portion of the city, and toilets located in the basements, was the first necessity for a new and deeper sewer, and the conception by the city authorities of a future necessity to meet the same contingencies for the other properties in these blocks. The city anticipates that there will, in the future, be business blocks, apartment and tenement houses with "modern" deep basements in these blocks, requiring sewer facilities such as the new sewer. The cost of the construction was assessed upon a uniform front foot basis. The lots in blocks 52 and 53 are twenty-five feet in width, and the lots in blocks 54 and 55 are fifty feet wide. Some of the lots were vacant; a few were used for business purposes; some had houses upon them; lots 17 to 32, inclusive, of block 53, were occupied by a large public school. Residence property largely predominated in the four blocks. No distinction was made in levying the assessment between properties already connected with the Jones sewer and those not connected with any sewer.

I. As to the city's appeal, although there was evidence by, and on behalf of, the protesting property owners that their property would not be benefited by the improvement, there was also evidence that the Jones sewer was serving all the property it was built to serve and could not carry any more. There was also testimony that there are now buildings besides the armory that cannot be served by the Jones sewer because it is too shallow, that a sewer should never be less than ten feet deep for residence, and eleven feet deep for business property. We refer to this testimony merely as affecting the good faith and judgment of the city commissioners.

"It is a well established principle that the question of the necessity of improvements in the nature of public improvements is, in the first instance, a legislative question to be determined by the legislative body, and does not become a judi-

cial question except when the method pursued is irregular and subjects that body to judicial investigation, or when the proceedings are based upon fraud." *Richardson v. Olympia,* 83 Wash. 638, 145 Pac. 963.

See, also, *Northern Pac. R. Co. v. Seattle,* 46 Wash. 674, 91 Pac. 244, 123 Am. St. 955, 12 L. R. A. (N. S.) 121. There are many other cases in our state to the same effect.

A determination by a city council that abutting property is benefited by a local improvement is a legislative question, not subject to review by the courts, in the absence of fraud or arbitrary action. *Northern Pac. R. Co. v. Seattle, supra.* The fact that the properties of certain of the protestants was connected with an existing sewer does not change the rule or its application. The legislative body may have found and determined that the existing sewer was inadequate or unsatisfactory now, or would be in an appreciable length of time, and that necessity existed to provide new or additional facilities. This it has power to do, the same as it has power to provide for public necessities where no improvements therefor exist at all. *Grunewald v. Cedar Rapids,* 118 Iowa 222, 91 N. W. 1059; *Coburn v. Bossert,* 13 Ind. App. 359, 40 N. E. 281; *Rich v. Woods,* 118 Ky. 865, 82 S. W. 578.

In providing public utilities, municipal corporations have an undoubted right to anticipate future necessities and demands to a reasonable extent, and make reasonable provision therefor; otherwise there would necessarily be much waste in the replacement of inadequate facilities before they were worn out.

II.   As to the property owners' appeal, they maintain that, as to their particular properties, they are sufficiently drained by the old sewer, and that as to them there is no future necessity therefor that can be more than conjectured, and that the new improvement confers no special benefit upon their properties. What we have said as to the city's appeal applies largely to this. The city's legislative body found there is an existing public necessity for the new sewer, and that these

protestants' properties are specially benefited.  It may have found that these owners' properties are not sufficiently drained.  Certain it is that the city could, if reasonably necessary, in order to provide for the public necessities, discard the old "Jones sewer" and construct a new one in the same location as it, but larger, and four or five feet deeper, and charge the entire cost of such new sewer to the abutting property.  Chapter 98, Laws 1911, p. 442, § 6; Chapter 131, Laws 1913, p. 410, § 6 (3 Rem. & Bal. Code, § 4976-6). The construction of the new sewer is perhaps the same thing as replacing or adding to the old Jones sewer.

Much reliance is placed upon the decision in *Viegle v. Spokane*, 78 Wash. 359, 139 Pac. 33, where this court affirmed the judgment of the superior court cancelling local assessments upon appeal from the confirmation of the assessment roll by the eminent domain commissioners of Spokane, and *In re Fifth Avenue*, 66 Wash. 327, 119 Pac. 852; *Id.*, 80 Wash. 464, 141 Pac. 1035.  In the *Viegle* case, it was made plain that the action of the local authorities was arbitrary for the reason that the property in question was such that it was entirely outside any practical special benefits from the extension of a street and construction of a subway; that the owners had other facilities in the nature of streets and grades which were *superior*, so far as the owners in that case were concerned, to the contemplated improvement.  It was furthermore distinctly pointed out in those cases that the courts should not change the district established or the assessment upon the property, after the roll has been confirmed by the municipal governing body, "except when the commissioners or council have acted arbitrarily or fraudulently, or have proceeded . upon a fundamentally wrong basis"; citing Washington cases.

Such conditions do not obtain here.  These protesting property owners on Third street are connected with the Jones sewer on Second street, but cross private property and the alley running through these blocks between Second street and

Third street with their sewer pipe lines, and their rights of
way so occupied by these pipe lines are held by mere license,
revocable at will, as the trial court found. There can be no
question, therefore, but that they are "immediately and di-
rectly benefited at the present" by the construction of the
sewer.

The judgment of the superior court is therefore reversed
as to the city's appeal and affirmed as to the property owners'
appeal, and remanded with direction to enter judgment ac-
cordingly.

MORRIS, C. J., FULLERTON, and MOUNT, JJ., concur.