## KOONS v. LUCAS.

52  177
88  297

52  177
112  808

1. **Municipal Corporations**: IMPROVEMENT OF STREETS. Facts considered which were held to show that an improvement of a street was such as would authorize the levy of a special tax upon adjoining property for its cost, as distinguished from repairs.

2. ——: ——: STREET RAILWAY. A street railway company having a right of way for its track over a street cannot be taxed for the cost of an improvement of the street under section 466 of the Code.

*Appeal from Clinton Circuit Court.*

SATURDAY, OCTOBER 25.

IT is averred in the petition that the plaintiff is the owner of certain real estate abutting on Second street, in the city of Clinton; that in the years 1868 and 1869 said city by its council established the grade on said Second street, and ordered the owners of property abutting on said street to macadamize the same in front of their property with rubble stone, including the gutters on said street, which were to be paved with stone; that the plaintiff and other owners of property abutting on said street complied with said order and macadamized said street, in compliance with and as directed by said city council; that said improvement was done in a good and workmanlike manner, was accepted by said city and was paid for by said property owners, and that it then became the duty of said city to keep said streets in repair, but that the said city neglected

and refused so to do, and said improvements were permitted to become out of repair.

That on the 23d day of April, 1873, the city council passed an ordinance providing, among other things, that said council might, by a two-thirds vote, order the grading and repairing of any street, the expense of which should be defrayed out of the general funds; and that the council might by resolution order repairing, macadamizing and guttering of streets to be done at the expense of the abutting property owners; and on the 1st day of November, 1875, said city council levied a special tax upon and against said property for the purpose of repairing said Second street, and not for the purpose of macadamizing said street as stated in the resolutions of said city council; that "said improvements were made by adding new material to the old material as aforesaid"; that said tax is unauthorized by law and is void; that the said tax was certified to the auditor of the county, and that the defendant, who is treasurer of the county, is proceeding to collect the same. An injunction was prayed restraining the treasurer from proceeding to the collection of said tax. By an amendment to the petition it was averred that said tax was illegal because the city made an unjust discrimination in the assessment of said tax, in that no part of the cost of the improvement was assessed against certain lots abutting on said street opposite to the improvements, and that the improvement of said property was paid for out of the general revenue of the city; and that no assessment was made against the Clinton & Lyons Horse R. R. Co., whose line of road ran along and upon said Second street.

The answer of the defendant, aside from denials of most of the allegations of the petition, avers that said special tax was made for the purpose of defraying the cost and expense of macadamizing, paving the gutters and setting the curbstones in front of plaintiff's property on Second street, in pursuance of the resolutions of said city council; that the work was done by said city in accordance with certain specifications and requirements, and that upon the completion thereof said special tax was duly and legally assessed and levied. For a

further answer it was alleged that plaintiff knew of the passage of said resolution ordering said work to be done, and the cost thereof to be assessed against the abutting property, and with said knowledge stood by and saw the improvements made without objection, and that he ought not now to be permitted to question the legality of said tax.

There was a trial by the court, and a preliminary injunction which had been allowed was dissolved, and the petition was dismissed. Plaintiff appeals.

*N. Corning*, for appellant.

*E. S. Bailey* and *C. W. Chase*, for appellee.

ROTHROCK, J.—I. We have given the substance of the pleadings, or so much thereof as is necessary to a full understanding of the questions which are involved in the record. Counsel for appellant has filed an elaborate argument, some of which has no application to the issues contained in the pleadings. For example, the pleadings do not question the validity of the ordinance and resolutions providing for improving the streets, and we are treated to a lengthy argument upon the invalidity of these acts of the city council, because it is contended that they contain more than one subject, and are, therefore, void under section 489 of the Code. It is unnecessary to more than mention the fact that we must try the case upon the record which the parties have made in the court below.

II. There is really but one question in the case, and that is whether the improvements made in 1875 were mere repairs, or was it such an enterprise as might be done by the city, and the expense thereof taxed to the owners of abutting property. Section 466 of the Code provides "that municipal corporations shall have the power * * * * to curb, gravel, pave, macadamize, and gutter any highway or alley therein, and to levy a special tax on the lots and parcels of land fronting on such highway or alley, to pay the expense of such improvement." The evidence shows beyond all question that in 1875 said Second

1. MUNICIPAL corporations: improvement of streets.

street was in a very bad condition; that it was much below grade, and lower in the middle than at the sides. The gutters had never been paved, and no curb-stones had been set. The city council ordered the street to be brought to grade, and curb-stones to be set, the gutters paved with stone, and the street macadamized to the depth of six inches with hard and durable stone, to be covered with two inches of gravel. The work was let to contractors, and was done according to certain plans and specifications. That such an improvement was just such as is contemplated by the statute can admit of no question. The improvement was within the very language of the statute.

Section 465 of the Code provides that the city council have power to provide for the grading and repairs of any street, and shall defray the expenses of the same out of the general funds of the city. Counsel for appellant contends that the street in question was macadamized, and gutters made therein, in the year 1868, at the expense of the abutting property owners, and that the improvement made in 1875 was no more than repairs, and should have been paid for out of the general fund. The evidence shows that the street was filled in 1868 with the refuse of stone quarries, broken up so as to make a smooth road-bed for the time being. There were no gutters made, unless it be called guttering to leave the stone larger at the side of the street than on the traveled part, and sloping so as to allow the water to run off. No stone were set in place so as to make permanent gutters, and no curb-stones were set. The evidence shows that whatever improvement was made in 1868 soon became worn out, and that nothing but a new road-bed would answer the demands of travel, and the public convenience. This was practically what was done; the entire street was raised; the whole surface was changed by a new and independent structure; it was not a mere repair of the street. The evidence shows that the former improvement was worn out and destroyed, and an entire reconstruction was necessary.

It is said, however, that the city having once exercised the power, and compelled the abutting property owners to pay for

the improvement of the streets, the power is exhausted and cannot be again exercised. That such power is continuing and may be exercised whenever the public good requires it, and is not exhausted by being once exercised, seems to be too well settled to be now questioned. Dillon on Municipal Corporations, Vol. 2, sections 543, 619; Cooley on Taxation, 422–3.

It is further claimed that if the city had kept the original improvement in proper repair there would have been no necessity for the new improvement. It seems to us that the matter of there pairs of the streets rests in the sound discretion of the city council, and we fail to find in the evidence that such discretion was abused. For aught that appears, the ordinary repairs which are necessary to be made from year to year, such as arise from the action of freshet and flood, the wearing of ruts by the wheels of vehicles, and the like, would not have obviated the necessity for the new structure.

III. It is next insisted that a part of the expense should have been assessed and levied upon the property of the street railroad company. It appears that the line of the railroad was built and is operated upon the street in question. It does not own any part of the street, nor any lot abutting on it, but has a mere easement or right of way over the street. The statute is .explicit. The city council has power to "levy a special tax on the lots and parcels of land fronting on such highway or alley to pay the expense of such improvements." The levy of a tax against the railroad company would, therefore, be unauthorized by law, and void.

AFFIRMED.