The Illinois Central Railroad Company

*v.*

Commissioners of East Lake Fork Special Drainage District.

| 129 | 417 |
| 134 | 400 |
| 129 | 417 |
| 158 | 361 |
| 129 | 417 |
| 165 | 152 |

*Filed at Springfield June 15, 1889.*

1. DRAINAGE LAW—*railroads—whether subject to assessments for benefits.* The Drainage law, (act of 1885, sec. 40,) which provides for assessing the right of way and tracks of railway companies within a drainage district for benefits thereto by the proposed drainage, is not void, or subject to any constitutional objection.

2. SAME—*rule of assessment—limited to benefits.* Section 40 of the Drainage act of 1885 does not authorize the commissioners, in making assessments, to deal with or take into consideration expenditures at all. It only gives them power to assess public roads and railroads such sum or sums as will be just and equitable for them to pay in proportion to the benefits received, and prescribes the manner in which that shall be done, viz., by estimating the amount of benefits to the entire district, including the benefits to such public roads or railroads, and also the benefits to them, and then giving the ratio or proportionate part of the taxes of the district to be paid by such roads. The statute does not authorize property to be assessed beyond benefits.

3. SAME—*classification of lands—appeal therefrom—modification on appeal—costs.* The classification of lands made under section 40 of the Drainage act, is subject to like review, on appeal, as is provided for in the case of individual land owners; and when the tax list is completed and filed with the town clerk, as provided in section 26, any person whose land has been assessed, may, under section 27, appeal to the county court, but the appeal will be restricted to the ground that the tax exceeds the benefits.

4. If, on such appeal, the court finds that the tax exceeds the benefits to accrue, it is required to modify the same, so as to make it equal to the benefits, and the costs may be apportioned by the court in its discretion.

5. SAME—*judgment on assessment—whether in personam, or only in rem.* In an action brought under section 72 of the Drainage act, to recover a special assessment, the judgment, if for the plaintiff, must be *in rem*, against the property specially assessed, only, and not *in personam*.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

27—129 ILL.

Mr. J. S. Wolfe, for the appellant:

The track and right of way of appellant, in their very nature, could not be benefited for the purposes named in the act.

The benefits for which an assessment might lawfully be made, are only such as are named in the title of the act.

The constitutional power could not be exercised for the purpose of causing any other benefits, and property not held for agricultural purposes is not within the constitutional power. (*Updike* v. *Wright*, 81 Ill. 49.)    Therefore, section 40 of said act is void.

Said section 40 mentions benefits generally, and not specially, and has no application to a proceeding by special assessment, which must be accompanied by special benefits. It provides for a case of special taxation where the imposition of the tax determines the benefits. Merely distributing the cost is special taxation. *Enos* v. *Springfield*, 113 Ill. 71; *Craw* v. *Tolono*, 96 id. 256.

In the constitution, limiting the legislature in respect of drainage, the only power to proceed is by special assessment. (Const. art. 4, sec. 13.)   And this provision operates as a limitation upon legislative authority. *Craw* v. *Tolono*, 96 Ill. 256.

Only the power named can be employed. *Gridley* v. *Bloomington*, 88 Ill. 554.

Section 40 of the act named in the declaration has provided the method of procedure which must be followed, if any is followed. It is a method for distributing the cost of the work. It contravenes the rule that assessments must not exceed benefits. *Van Tassel* v. *Mayor*, 8 Vroom, 128; *Railroad Co.* v. *Village of Passaic*, id. 137.

To pay "in proportion to benefits received," as provided in section 40, always means to pay more than actual benefits, where the entire cost is estimated as benefit, in which case it is special taxation, and only a scheme of proportions to distribute cost of work. *Enos* v. *Springfield*, 113 Ill. 71; *Craw* v. *Tolono*, 96 id. 256.

The assessment must not exceed benefits. *(Commissioners v. Kelsey,* 120 Ill. 482.)    Therefore section 40 is unconstitutional.

Section 72 of the act in question, or any other act authorizing a personal action for the collection of this tax, is unauthorized and void.    *Craw v. Tolono,* 96 Ill. 262; *Virginia v. Hall,* id. 278; .113 id. 305.

Mr. Francis M. Wright, for the appellee:

Railroad property may be highly benefited for agricultural and sanitary purposes.    The carrying trade is one of the most important branches of the agricultural industry.    The statute does not confine the benefits conferred to the track and right of way.

Section 40 only authorizes the assessment of benefits.    It says nothing about the cost of the work.    The proportion of benefits between the whole district and the railroad, and the cost of the work, then being given, the proportionate share to be paid is easily and correctly produced under the rule stated in *Morrell v. Union Drainage District,* 118 Ill. 139.

Under the amendment to the constitution, (sec. 31, art. 4,) adopted in November, 1878, the legislature is expressly empowered to "provide for the organization of drainage districts, and vest the corporate authorities thereof with power to construct and maintain levees, drains and ditches," etc.    This general grant of power being unrestricted in terms, carries with it, by necessary implication, all other powers necessary to make the general grant effective, and to accomplish the results intended.    As to the mode in which the power is to be exercised, the legislature is left the sole judge.    *Kilgour v. Drainage Comrs.* 111 Ill. 342.

These assessments are not taxes.    It is a special regulation, whereby an owner is required to pay for benefits specially conferred upon his land.    *Kilgour v. Drainage Comrs. supra.*

There is no constitutional or statutory exemption from the assessing of railway property, if specially benefited, and the confirmation also becomes *res judicata* as to benefits. *Railway Co.* v. *People,* 120 Ill. 104.

Mr. Justice Wilkin delivered the opinion of the Court:

This is an action at law, by appellee, against appellant, brought under the provisions of section 72 of the Drainage act of 1885, to recover special assessments made against its railroad, under section 40 of that act. The declaration avers, in substance, that plaintiff, being then a duly organized special drainage district under the provisions of said act, through which the railroad of the defendant passed, and said commissioners being of the opinion that said railroad would be benefited by the work in the district, assessed the defendant such sums as would be just and equitable for it to pay in proportion to the benefits received, determined by estimating the amount of benefits to the entire district, including the benefits to said railroad, and also the benefits to said railroad. They determined and fixed the fractional figure 1-175 to express the ratio between the sum of the benefits for the work on the main ditch in the whole district and the sum found to be the benefit to said railroad, and in like manner fixed the fractional figure of 1-100 for the work in sub-district No. 1; that said fractional figures express the proportional part of the corporate taxes to be paid by said railroad. Said figures were duly entered against the defendant upon the classification made and filed by the commissioners with the county clerk; that time and place of hearing objections were duly fixed, of which due and legal notice was given, at which meeting of the commissioners the defendant appeared and objected to said classification; that on due consideration the commissioners did confirm said classification, and duly filed with said clerk their order of confirmation, from which the defendant did not ap-

peal, and the same remains in full force and effect,—all of which proceedings are duly recorded in the drainage record in the office of said clerk. They filed their certificate, requiring $35,000 to be levied for work on the main ditch in the whole district, and $3378 to be levied for work in sub-district No. 1, and upon computations duly made by said clerk, the commissioners made and duly filed a tax-list, which was and is duly recorded in the drainage record in said clerk's office, in which said tax-list, on the basis of said figures of classification and the said respective certificates, $200 is assessed against the defendant for benefits to said railroad for work in the main district, $33.78 for benefits for work in sub-district No. 1; that said tax-list was duly confirmed, and the assessments ordered paid, as required by law; that defendant has not paid the same, etc. To the declaration defendant below filed a general demurrer. It is not denied but that the declaration states a good cause of action under section 40. The attack is upon that section of the statute rather than upon the declaration.

The objections to the law, as we understand them, may be grouped into three propositions, and thus stated: First, the track and right of way of a railroad, from the very nature of the property, can not be benefited for agricultural and sanitary purposes; and is not therefore within the scope of the Drainage act of 1885, as shown by its title, hence section 40, as applied to railroads, is void; second, that said section 40 violates the rule that special assessments shall not exceed benefits; third, that section 40 denies the rule that the whole cost of the improvement must not exceed the benefits, and, in effect, authorizes special taxation.

The first of these objections is decided adversely to appellant in the case of *Commissioners of Highways of the Town of Colfax* v. *Commissioners of East Lake Fork Drainage District*, 127 Ill. 581. The second and third are based on a misconception of the power conferred upon the commissioners by section 40. It does not, as is said, authorize unlimited expenditure to be

apportioned on the property in the district, and disregard the necessary equality between expenditure and benefits. It does not authorize the commissioners to deal with or take into consideration expenditures at all; it only gives them power "to assess to such public road or railroad such sum or sums as will be just and equitable for such public road or railroad to pay in proportion to the benefits received," and prescribes the manner in which it shall be done, viz., "by estimating the amount of benefits to the entire district, including the benefits to such railroad or public road, and also the benefit to the railroad or public road; then the fractional figure expressing the ratio between the sum of the benefits for the whole district and the sum found to be the benefit to the railroad or public road shall express the proportional part of the corporate taxes of the district to be paid by such railroad or public road, as the case may be." It authorizes the commissioners by this mode to ascertain and fix the basis for levy of taxes against roads and railroads, as is done by another mode, under section 21, as to individuals. Under neither section can property be assessed beyond benefits, unless the owner willingly submits thereto.

The classification made under section 40 is subject to like review and appeal as is provided for individual land owners. When the tax list is completed and filed with the town clerk, as provided by section 26, any party against whose land a tax has been levied, may, under section 27, appeal to the county court; "but the appeal shall be upon the ground, only, that such tax is a greater amount than the benefits to accrue to the land." If, on such appeal, "the court finds that the tax exceeds the benefits to accrue, the court shall modify the same so as to make it equal to the benefits, and the costs may be apportioned by the court in its discretion." If, therefore, appellant is being taxed beyond benefits, it results, not from any power in the commissioners, under section 40, to levy such tax, but from its own failure to prosecute an appeal from the

tax list.    The objections to the validity of the statute are not tenable.

It is also insisted that section 72, giving a personal remedy against the owner, is unconstitutional, and *Craw et al.* v. *Village of Tolono et al.* 96 Ill. 255, is relied on as authority in support of that position.    The scope of that decision was limited by the case of *County of McLean* v. *City of Bloomington,* 106 Ill. 215, as simply laying down a rule in regard to the special assessment of private property.    (See, also, *Commissioners of Highways of the Town of Colfax* v. *Commissioners of East Lake Fork Drainage District, supra.*)    Section 72 is not, therefore, to be held unconstitutional.    But in the opinion of a majority of the court, on the authority of *Craw et al.* v. *Village of Tolono et al. supra,* and *City of Virginia* v. *Hall,* 96 Ill. 278, a personal judgment can not be rendered against the appellant for the amount of the assessment, but that in all such cases the judgment must be *in rem* against the property specially assessed, only, and that such a judgment may in this case be rendered on the declaration herein filed, the form of procedure being of no importance, provided the judgment is right.    Under this view, the judgment should be that the plaintiff have and recover of and against the "track and right of way of the Illinois Central Railroad Company within East Lake Fork special drainage district" the sum, etc., and that a special execution issue therefor against the said specified property.

That such a judgment may be entered, the judgment is reversed and the cause remanded to the circuit court.

*Judgment reversed.*