THE STATE, THE PATERSON AND HUDSON RIVER RAILROAD COMPANY, PROSECUTOR, v. THE CITY OF PASSAIC.

The road-bed of a railway company is property legally subject to assessment for benefits resulting from the building of a sewer.

On *certiorari*.

The prosecutor, whose road-bed is the center of Main avenue, in the city of Passaic, has been assessed for benefits arising from the construction of a sewer along the westerly side of said avenue.

At the argument two reasons for setting aside this assessment were pressed—*first*, because the lands of the prosecutor are not benefited by the said sewer, and, *second*, "Because the lands of the prosecutor intended to be assessed by said report are a portion of the main stem of the railway of said company, on which is constructed a double track. The prosecutor has only easement in said lands for the passage of trains over the tracks on the same, and the lands are used only for such railroad purposes and are not liable in law to be assessed for such user."

Argued at November Term, 1891, before Justices DIXON, REED and GARRISON.

For the prosecutor, *Cortlandt Parker* and *Thomas M. Moore.*

For the defendant, *George P. Rust.*

The opinion of the court was delivered by

GARRISON, J.    I.    The cases of *New Jersey Railroad and Transportation Company* v. *City of Elizabeth,* 8 *Vroom* 330, and *Jersey City* ads. *New Jersey Midland Railroad Company,* 13 *Id.* 97, are authority for the proposition that the road-bed of a railway company is property legally subject to assessment for municipal benefits.

II.    By the report of the commissioners we are apprised that actual benefit has been conferred upon the property of the prosecutor. The proofs taken under this writ do not overcome the report in this respect. We assume, therefore, that the prosecutor has received benefits and is liable to be assessed; therefore, if any question could be raised upon the proofs it would be as to the precise amount and value of the benefit so received; in respect to which the prosecutor contends that its assessment is excessive. Where the commissioners had been upon the ground, and do not appear to have followed any erroneous rule in estimating benefits, this court is disinclined

to substitute for the report thus rendered its own speculative estimate based upon mere affidavits.   The question, however, does not arise in the case before us, as in none of the reasons filed is there any complaint made of the amount of the assessment.

The assessment is affirmed.