CASE 89—ACTION BY BARBER ASPHALT PAVING CO. AND OTHERS
AGAINST L. & N. R. R. CO. TO SUBJECT ITS PROPERTY TO A CLAIM
FOR STREET IMPROVEMENT.—NOV. 19.

# Louisville & N. R. R. Co., v. Barber Asphalt Paving Co., &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS.    AFFIRMED.

MUNICIPAL CORPORATIONS—BENEFIT ASSESSMENTS—RAILROAD RIGHT OF
WAY—LIABILITY FOR ASSESSMENT.

Held:  1. A strip of land appropriated to use by a railroad as a
perpetual right of way, and which is a lot within the statute
governing street improvements, is liable for an assessment for
a street improvement.

HELM, BRUCE & HELM, FOR APPELLANT.

WM. FURLONG AND B. F. WASHER, FOR APPELLEES.
    (No briefs in the record.)

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

The appellant owns the perpetual right of way over a
strip of land which parallels the street improved under the
city ordinance.  It is admitted by counsel that the facts of
this case raise the question decided in Figg v. Louisville &
Nashville R. R. Co. (116 Ky., 135, 25 R., 350), 75 S. W.,
269.  The opinion in that case reads as follows:

"The main line of the Louisville & Nashville Railroad
Company runs southwardly from near Tenth and Broadway
streets, Louisville, Kentucky, to and beyond Nashville,
Tennessee.  Its right of way is sixty feet in width.  Under
appropriate proceedings in the general council, Magnolia
avenue was improved by original construction, and the tax-
ing district was properly designated.  Within that district

east of Seventh street and south of Magnolia avenue is a parcel of land sixty feet wide, used by the appellee as a road-bed, or what is commonly called the right of way, and, as a part of it, a triangular parcel north of Magnolia avenue and east of Seventh street. . . . It is insisted on the behalf of the railroad company that (1) the property sought to be subjected to part of the cost of street improvement is only a right of way, and therefore can not be charged therewith; (2) it receives no benefit from the improvement; (3) the right of way is not a lot in the meaning of the statute governing street improvement. It is not the intangible right to use it, but the strip of land which the railroad company appropriates for its use, and upon which it builds its roadbed, that is its right of way. The railroad company has been in possession of the strip of land in question for fifty years. It is a part of a great railroad system. Its right of way is perpetual. In Elizabethtown, Lexington & Big Sandy R. R. Co. v. Combs, 10 Bush, 393, 19 Am. Rep., 67, the court held the injury resulting from the location of a railroad in such proximity to adjacent property so that smoke, soot, and fire from passing engines was thrown, blown into or upon it, entitled the owner to a single recovery, as the injury was permanent and enduring; in other words, the court regarded that the railroad had appropriated it for all time to come, and the injury would be permanent. It is the very remotest possibility imaginable that the appellee would ever abandon its right of way. The court concludes that its use of its right of way will be perpetual. It is therefore practically the owner of the land. If this strip of land was not occupied by the railroad company as a right of way, it would not be suggested that it was not subject to the special tax for street improvement. The purpose for which the lot is used can not affect

the question of its liability for the cost of street improvement. Counsel for appellee calls attention to cases of other courts holding that rights of way can not be charged with the cost of street improvement; while, on the other hand, counsel for the appellants calls attention to cases of other courts holding that such rights of way are liable for such cost. It is not necessary to discuss this class of cases further, because this court in Louisville, Cincinnati & Lexington R. R. Co., and Louiville Railroad Transfer Co. v. Obst and Stengel, MSS. opinion February 23, 1875, and city of Ludlow v. Cincinnati Southern R. R. Co., 78 Ky., 357, held that such special taxation could be imposed.

"On the second question we quote from Preston v. Rudd, 84 Ky., 156, 7 R., 806, which reads as follows: 'Such assessments are made upon the assumption that a portion of the community are specially benefited by the improvement. The principle is that the territory is benefited; that it has a common interest, and that, governed by equitable rules, it must equally bear the burden. Necessarily, individual cases of hardship will arise, but it approaches equality as nearly as it is practicable. It follows that a lot owner may be compelled to pay his proportion of the cost of an improvement, although in his particular case his property may not be benefited. This rule, however, can not be so extended as to entirely take from the citizen his property. This would work "a manifest injustice." It would be spoliation, and not taxation. Under the guise of benefit and taxation, he can not be thus arbitrarily deprived of his property. It would be but an appropriation of it, by the exercise of arbitrary power, to public use, without compensation.' We do not understand that Barfield v. Gleason (111 Ky., 491, 23 R., 128), 63 S. W., 964, changes the rule announced in Preston v. Rudd, and other cases of this court. Spoliation is

not shown in this case. Under the statute governing street improvement, a lot is any piece of land within the territory defined by the statute or the general council, where the territory to be assessed is not bounded by principal streets. The use or nonuse, or the character of the use to which the parcel of land is put, does not determine the question whether it is or is not a lot. The strip of land used by the railroad company the day before it was appropriated by it as a right of way was a lot in the meaning of the statute, and to thus appropriate it can not change its character."

The judgment is affirmed.