NORTHERN PACIFIC RAILWAY COMPANY, a Corporation, v. RICHLAND COUNTY, a Municipal Corporation.

(L.R.A.1915A, 129, 148 N. W. 545.)

**Railroad right of way — may be assessed for local drain, if benefited — fee in same immaterial.**

1. A railroad right of way, if actually benefited, may be assessed for a local drain which is constructed under the provisions of Chapter 23, Rev. Codes 1905, and this irrespective of the fact whether the fee is in the railroad company or not.

**Public policy — supreme court cannot make — commonwealth creates, and court announces.**

2. A supreme court can announce no public policy of its own, but merely what it believes to be the public policy of the people of the commonwealth by which it is created. It has no power to create or command, but merely to construe; and where the people have spoken, either in the form of a constitutional enactment or a valid and constitutional statute, it must be controlled by their decisions and conclusions.

**Assessment of rights of way — local drains — benefits conferred — constitutional statute.**

3. Chapter 23, Rev. Codes 1905, which provides for the assessment of railroad rights of way for the benefits conferred by the construction of local drains, does not violate the provisions of the 14th Amendment to the Federal Constitution, nor the so-called Commerce Clause (§ 8, art. 1) of that instrument, even though it is sought to be applied to interstate lines.

(Opinion filed June 29, 1914.)

Appeal from the District Court of Richland County, *Allen*, J.

Action to determine adverse claims in and to a railroad right of way. Judgment for defendant. Plaintiff appeals.

Affirmed.

---

Note.—While there is a considerable conflict among the authorities on the question of the liability of a railroad right of way to assessments for local improvements, the majority of the cases, as shown by a note in 40 L.R.A.(N.S.) 935, in which all the cases are collated and discussed, seem to support the rule that a railroad right of way may be so assessed, if it is benefited by the improvement. If the property is not benefited, the assessment against it will not hold. A distinction has sometimes been made between the right of way and other railroad property necessarily used in the operation of the road.

Statement by BRUCE, J.

This action was brought by the Northern Pacific Railway Company against Richland county, for the purpose of determining adverse interests in and to an easement or right of way of the plaintiff company, the claim of the plaintiff being for a franchise or right of way as opposed to an ownership in fee. The answer admits the ownership of the franchise or easement, but asserts a lien arising from a levy for benefits assessed against the property for and on account of the construction of a drain under chapter 23, Rev. Codes 1905.

Judgment was rendered in the district court, decreeing a lien in favor of the defendant to the amount of $3,180.70, and an appeal has been taken to this court upon the judgment roll merely and for the sole purpose of testing the legality of the proceedings.

*Watson & Young, Purcell & Divet,* for plaintiff-appellant.

The pretended lien is void in that no legal assessment was ever made. Such proceedings are purely statutory, and the statute must be strictly followed in all material respects. Hamilton, Special Assessments, p. 540; Norwood v. Baker, 172 U. S. 269, 291, 43 L. ed. 443, 452, 19 Sup. St. Rep. 187; Bidwell v. Huff, 103 Fed. 362; Lee v. Ruggles, 62 Ill. 427.

An assessment for a street improvement where the amount is in figures only, without the dollar mark or other mark to indicate value, is void. McClellan v. District of Columbia, 7 Mackey, 94; Brown v. Joliet, 22 Ill. 123; Balfe v. Johnson, 40 Ind. 235; Payne v. South Springfield, 161 Ill. 285, 44 N. E. 105.

Special assessments for local improvements cannot be made against property unless specifically provided by statute. Chicago, R. I. & P. R. Co. v. Ottumwa, 112 Iowa, 300, 51 L.R.A. 763, 83 N. W. 1074; Detroit, G. H. & M. R. Co. v. Grand Rapids, 106 Mich. 13, 28 L.R.A. 793, 58 Am. St. Rep. 466, 63 N. W. 1008; Southern California R. Co. v. Workman, 146 Cal. 80, 79 Pac. 586, 82 Pac. 79, 2 Ann. Cas. 583; Dean v. Paterson, 67 N. J. L. 199, 50 Atl. 620; Allegheny City v. Western Pennsylvania R. Co. 138 Pa. 375, 21 Atl. 763; New York & N. H. R. Co. v. New Haven, 42 Conn. 279, 19 Am. Rep. 534; State ex rel. Milwaukee Street R. Co. v. Anderson, 90 Wis. 550, 63 N. W. 747; Erie v. A Piece of Land, 175 Pa. 523, 34 Atl. 808.

There is no authority for making an assessment upon a right of way,

or for selling the same. Southern California R. Co. v. Workman, 146; Cal. 80, 79 Pac. 586, 82 Pac. 79, 2 Ann. Cas. 583; Boehme v. Monroe,. 106 Mich. 401, 64 N. W. 206; McCutcheon v. Pacific R. Co. 72 Mo. App. 271; Philadelphia v. Philadelphia, W. & B. R. Co. 33 Pa. 41;. Bridgeport v. New York & N. H. R. Co. 36 Conn. 255, 4 Am. Rep. 63; Mt. Pleasant v. Baltimore & O. R. Co. 138 Pa. 365, 11 L.R.A. 520,. 20 Atl. 1052.

The basis of the right to make such a special assessment is the enhancement in the value of the property. Hamilton, Special Assessments, pp. 240, 449, 450; Chicago Union Traction Co. v. Chicago, 204 Ill. 363, 68 N. E. 519; Jones v. Chicago, 206 Ill. 374, 69 N. E. 64;. Chicago Union Traction Co. v. Chicago, 207 Ill. 607, 69 N. E. 803;. Chicago Union Traction Co. v. Chicago, 207 Ill. 544, 69 N. E. 849;. Chicago Union Traction Co. v. Chicago, 215 Ill. 410, 74 N. E. 449; Kankakee Stone & Lime Co. v. Kankakee, 128 Ill. 173, 20 N. E. 670; Chicago Union Traction Co. v. Chicago, 204 Ill. 363, 68 N. E. 519; Chicago, R. I. & P. R. Co. v. Ottumwa, 112 Iowa, 300, 51 L.R.A. 763,. 83 N. W. 1074; Boston v. Boston & A. R. Co. 170 Mass. 95, 49 N. E. 95; Lake Shore & M. S. R. Co. v. Grand Rapids, 102 Mich. 374, 29 L.R.A. 195, 60 N. W. 767; Allegheny City v. Western Pennsylvania R. Co. 138 Pa. 375, 21 Atl. 763; Farmers' Loan & T. Co. v. Ansonia,. 61 Conn. 76, 23 Atl. 706; Chicago & N. W. R. Co. v. People, 120 Ill. 107, 11 N. E. 418; Philadelphia v. Philadelphia, W. & B. R. Co. 33 Pa. 41; Bridgeport v. New York & N. H. R. Co. 36 Conn. 255, 4 Am. Rep. 63; Re Public Park Comrs. 47 Hun, 302; Detroit, G. H. & M. R. Co. v. Grand Rapids, 106 Mich. 13, 28 L.R.A. 793, 58 Am. St. Rep. 466, 63 N. W. 1007; Chicago, M. & St. P. R. Co. v. Milwaukee, 89 Wis. 506, 28 L.R.A. 249, 62 N. W. 417; Mt. Pleasant v. Baltimore & O. R. Co. 138 Pa. 365, 11 L.R.A. 520, 20 Atl. 1052; 2 Elliott, Railroads, pp. 198, 199, notes 26, 28, 63 N. W. 1007; South Park. Comrs. v. Chicago, B. & Q. R. Co. 107 Ill. 105.

Railroad property cannot be sold for street improvements. A railroad right of way cannot be benefited by the opening of a street across it so as to subject it to an assessment for such improvements. Detroit, G. H. & M. R. Co. v. Grand Rapids, 106 Mich. 13, 28 L.R.A. 793, 58 Am. St. Rep. 466, 63 N. W. 1008; Chicago, R. I. & P. R. Co. v. Ottumwa, 112 Iowa, 300, 51 L.R.A. 763, 83 N. W. 1074; Mt. Pleasant v. Baltimore & O. R. Co. 138 Pa. 365, 11 L.R.A. 520, 20 Atl.

1052; Hammett v. Philadelphia, 65 Pa. 150, 3 Am. Rep. 615; Chicago, M. & St. P. R. Co. v. Milwaukee, 89 Wis. 506, 28 L.R.A. 249, 62 N. W. 417; Seattle v. Seattle Electric Co. 15 L.R.A.(N.S.) 487, note; South Park Comrs. v. Chicago, B. & Q. R. Co. 107 Ill. 105; O'Reilley v. Kingston, 114 N. Y. 439, 21 N. E. 1004; Indianapolis & V. R. Co. v. Capital Paving & Constr. Co. 24 Ind. App. 114, 54 N. E. 1076; Heman Constr. Co. v. Wabash R. Co. 12 L.R.A.(N.S.) 114 note; Abbott, Mun. Corp. pp. 811, 812; McVerry v. Boyd, 89 Cal. 304, 26 Pac. 885; Schmidt v. Market Street & W. G. R. Co. 90 Cal. 37, 27 Pac. 61; New York & N. H. R. Co. v. New Haven, 42 Conn. 279, 19 Am. Rep. 534; Boston v. Boston & A. R. Co. 170 Mass. 95, 49 N. E. 95; Auditor General v. Duluth, S. S. & A. R. Co. 116 Mich. 122, 74 N. W. 505; First Div. St. Paul & P. R. Co. v. St. Paul, 21 Minn. 526; St. Paul v. St. Paul & S. C. R. Co. 23 Minn. 469; State ex rel. Minnesota Transfer R. Co. v. District Ct. 68 Minn. 242, 71 N. W. 27; State, Morris & E. R. Co. Prosecutors, v. Jersey City, 36 N. J. L. 56; Winona & St. P. R. Co. v. Watertown, 1 S. D. 46, 44 N. W. 1072; Chicago, M. & St. P. R. Co. v. Milwaukee, 89 Wis. 506, 28 L.R.A. 249, 62 N. W. 417; Junction R. Co. v. Philadelphia, 88 Pa. 424; Erie v. A. Piece of Land, 175 Pa. 523, 34 Atl. 808; Columbia & P. S. R. Co. v. Chilberg, 6 Wash. 612, 34 Pac. 163; Oshkosh City R. Co. v. Winnebago County, 89 Wis. 435, 61 N. W. 1107; Cooley, Taxn. pp. 456, 457; Southern California R. Co. v. Workman, 146 Cal. 80, 79 Pac. 588, 82 Pac. 79, 2 Ann. Cas. 583; Louisville, N. A. & C. R. Co. v. State, 122 Ind. 443, 24 N. E. 350; Philadelphia v. Philadelphia, W. & B. R. Co. 33 Pa. 41; Philadelphia v. Philadelphia & R. R. Co. 177 Pa. 292, 34 L.R.A. 564, 35 Atl. 610; Junction R. Co. v. Philadelphia, 88 Pa. 428.

Freight house, right of way, and tracks of a railroad company cannot be sold as a mode of collecting an assessment for local improvements. Chicago, M. & St. P. R. Co. v. Milwaukee, 89 Wis. 506, 28 L.R.A. 249, 62 N. W. 417; Lake Shore & M. S. R. Co. v. Grand Rapids, 102 Mich. 374, 29 L.R.A. 195, 60 N. W. 767; Junction R. Co. v. Philadelphia, 88 Pa. 424; State, New Jersey R. & Transp. Co. Prosecutor, v. Elizabeth, 37 N. J. L. 331; New York & H. R. Co. v. Morrisania, 7 Hun, 652; Bloomington v. Chicago & A. R. Co. 134 Ill. 451, 26 N. E. 366; Bridgeport v. New York & N. H. R. Co. 36 Conn. 255, 4 Am. Rep. 63; South Park Comrs. v. Chicago, B. & Q. R. Co. 107 Ill. 105;

New York & N. H. R. Co. v. New Haven, 42 Conn. 279, 19 Am. Rep. 534; Detroit, G. H. & M. R. Co. v. Grand Rapids, 106 Mich. 13, 28 L.R.A. 793, 58 Am. St. Rep. 466, 63 N. W. 1008; East Alabama R. Co. v. Doe, 114 U. S. 350, 351, 29 L. ed. 139, 140, 5 Sup. Ct. Rep. 869; Gue v. Tide Water Canal Co. 24 How. 257, 16 L. ed. 635; People ex rel. Davidson v. Gilon, 126 N. Y. 147, 27 N. E. 282; Ludlow v. Cincinnati Southern R. Co. 78 Ky. 357; Chicago, R. I. & P. R. Co. v. Ottumwa, 112 Iowa, 300, 51 L.R.A. 763, 83 N. W. 1074; Minneapolis & St. L. R. Co. v. Lindquist, 119 Iowa, 144, 93 N. W. 104; Yellow River Improv. Co. v. Wood County, 81 Wis. 554, 17 L.R.A. 92, 51 N. W. 1006.

A railroad is an entirety, and cannot be cut up and sold for taxes, in parcels. 2 Rorer, Railways, 1499, § 14; Detroit v. Detroit City R. Co. 76 Mich. 421, 43 N. W. 447; Hackley v. Mack, 60 Mich. 591, 27 N. W. 871; Applegate v. Ernst, 3 Bush, 648, 96 Am. Dec. 272; Georgia v. Atlantic & G. R. Co. 3 Woods, 434, Fed. Cas. No. 5,351; Porter v. Rockford, R. I. & St. L. R. Co. 76 Ill. 561; Big Rapids v. Mecosta County, 99 Mich. 351, 58 N. W. 358; Worcester County v. Worcester, 116 Mass. 193, 17 Am. Rep. 159; Polk County Sav. Bank v. State, 69 Iowa, 29, 28 N. W. 416; New York & H. R. Co. v. Morrisania, 7 Hun, 652; Chicago, M. & St. P. R. Co. v. Milwaukee, 89 Wis. 506, 28 L.R.A. 249, 62 N. W. 417; Dunn v. North Missouri R. Co. 24 Mo. 493; McPheeters v. Merimac Bridge Co. 28 Mo. 467; Schulenburg v. Memphis, C. & N. W. R. Co. 67 Mo. 442; St. Louis Bridge & Constr. Co. v. Memphis, C. & N. W. R. Co. 72 Mo. 664; Knapp v. St. Louis, K. C. & N. R. Co. 74 Mo. 378; Indianapolis & C. Gravel Road Co. v. State, 105 Ind. 37, 4 N. E. 319; East Alabama R. Co. v. Doe, 114 U. S. 341, 29 L. ed. 137, 5 Sup. Ct. Rep. 869; Dobbins v. Colorado & S. R. Co. 19 Colo. App. 257, 75 Pac. 157; Minneapolis & St. L. R. Co. v. Lindquist, 119 Iowa, 144, 93 N. W. 104; Heman Constr. Co. v. Wabash R. Co. 12 L.R.A.(N.S.) p. 116, note.

The landowner is never estopped to show jurisdictional defects. Hamilton, Special Assessments, pp. 727, 728.

*C. J. Kachelhoffer*, for respondent. (*Gustav Schuler, W. S. Lauder, John L. Koeppler*, of counsel.)

This suit is not brought for the purpose of impeaching the assessment. The attack upon the assessment is collateral. Hackney v. Elliott, 23

N. D. 373, 137 N. W. 433; Erickson v. Cass County, 11 N. D. 494, 92 N. W. 841; State ex rel. Dorgan v. Fisk, 15 N. D. 219, 107 N. W. 191; McNamee v. Tacoma, 24 Wash. 591, 64 Pac. 791; Jackson v. Smith, 120 Ind. 520, 22 N. E. 431.

The assessment is valid in all respects. Hackney v. Elliott, 23 N. D. 390, 137 N. W. 433; First Nat. Bank v. St. Joseph, 46 Mich. 526, 9 N. W. 839; Ensign v. Barse, 107 N. Y. 338, 14 N. E. 400, 15 N. E. 401; 37 Cyc. 1067.

This is a collateral attack, and, if the drain commissioners had jurisdiction to make the assessment, then their determination that appellant's right of way was benefited, cannot be questioned here. Erickson v. Cass County, 11 N. D. 507, 92 N. W. 841; Illinois C. R. Co. v. East Lake Fork Special Drainage Dist. 129 Ill. 417, 21 N. E. 925; Lake Erie & W. R. Co. v. Cluggish, 143 Ind. 347, 42 N. E. 743; State, Paterson & H. River R. Co., Prosecutor, v. Passaic, 54 N. J. L. 340, 23 Atl. 945; Northern P. R. Co. v. Pierce County, 51 Wash. 12, 23 L.R.A.(N.S.) 286, 97 Pac. 1099; Chicago, M. & St. P. R. Co. v. Milwaukee, 148 Wis. 39, 133 N. W. 1120; Chicago, M. & St. P. R. Co. v. Milwaukee, 89 Wis. 506, 28 L.R.A. 249, 62 N. W. 417; Heman Constr. Co. v. Wabash R. Co. 206 Mo. 172, 12 L.R.A.(N.S.) 112, 121 Am. St. Rep. 649, 104 S. W. 67, 12 Ann. Cas. 630; Chicago & N. W. R. Co. v. Elmhurst, 165 Ill. 148, 46 N. E. 437; Chicago, M. & St. P. R. Co. v. Janesville, 137 Wis. 7, 28 L.R.A.(N.S) 1124, 118 N. W. 182; Griswold v. Minneapolis, St. P. & S. Ste. M. R. Co. 12 N. D. 435, 102 Am. St. Rep. 572, 97 N. W. 538; Illinois C. R. Co. v. Decatur, 147 U. S. 190, 37 L. ed. 132, 13 Sup. Ct. Rep. 293.

The right of way is liable to this tax or assessment. Louisville & N. R. Co. v. Barber Asphalt Paving Co. 197 U. S. 430, 49 L. ed. 819, 25 Sup. Ct. Rep. 466; Illinois C. R. Co. v. Decatur, 147 U. S. 190, 37 L. ed. 132, 13 Sup. Ct. Rep. 293; Baltimore & O. & C. R. Co. v. Ketring, 122 Ind. 5, 23 N. E. 527; Lake Erie & W. R. Co. v. Cluggish, 143 Ind. 347, 42 N. E. 743; Rich v. Chicago, 152 Ill. 18, 38 N. E. 255; Illinois C. R. Co. v. East Lake Fork Special Drainage Dist. 129 Ill. 417, 21 N. E. 925; Drainage Com'rs v. Illinois C. R. Co. 158 Ill. 353, 41 N. E. 1073; State, Paterson & H. River R. Co., Prosecutor, v. Passaic, 54 N. J. L. 340, 23 Atl. 945; Northern P. R. Co. v. Pierce County, 51 Wash. 12, 23 L.R.A.(N.S.) 286, 97 Pac. 1099; Louisville

& N. R. Co. v. Barber Asphalt Paving Co. 116 Ky. 856, 76 S. W. 1097, affirmed in 197 U. S. 430, 49 L. ed. 819, 25 Sup. Ct. Rep. 466; Chatham County v. Seaboard Air Line R. Co. 133 N. C. 216, 45 S. E. 566; Northern P. R. Co. v. Seattle, 46 Wash. 674, 12 L.R.A.(N.S.) 121, 123 Am. St. Rep. 955, 91 Pac. 244; Rev. Codes 1905, § 4702.

A railroad right of way is *property,* and the statute provides that "railroad" property shall be assessable. Heman Constr. Co. v. Wabash R. Co. 206 Mo. 172, 12 L.R.A.(N.S.) 112, 121 Am. St. Rep. 649, 104 S. W. 67, 12 Ann. Cas. 630; Northern P. R. Co. v. Seattle, 46 Wash. 674, 12 L.R.A.(N.S.) 121, 123 Am. St. Rep. 955, 91 Pac. 244; Brookings v. Natwick, 22 S. D. 322, 18 L.R.A.(N.S.) 1259, 117 N. W. 376, 17 Ann. Cas. 1254; Lake Erie & W. R. Co. v. Walters, 9 Ind. App. 684, 37 N. E. 295; Schaghticoke Powder Co. v. Greenwich & J. R. Co. 183 N. Y. 306, 2 L.R.A.(N.S.) 288, 111 Am. St. Rep. 751, 76 N. E. 153, 5 Ann. Cas. 443; Adams v. Grand Island & W. C. R. Co. 12 S. D. 424, 81 N. W. 960; McLean County v. Bloomington, 106 Ill. 209; Metropolitan R. Co. v. Macfarland, 20 App. D. C. 421.

If the assessment is valid, then no question of estoppel can be involved. Hackney v. Elliott, 23 N. D. 373, 137 N. W. 433; Erickson v. Cass County, 11 N. D. 494, 92 N. W. 841; Turnquist v. Cass County, Drain Comrs. 11 N. D. 514, 92 N. W. 852; Alstad v. Sim, 15 N. D. 629, 109 N. W. 66; Farr v. Detroit, 136 Mich. 200, 99 N. W. 19.

BRUCE, J. (after stating the facts as above). The objection of the appellant goes directly to the jurisdiction of the drainage board to make any assessment, or at any rate to create any lien, against the right of way of the defendant company. It is that the alleged lien is void for the reason that special assessments for a local improvement of the kind in question cannot be made against a right of way or easement of a railroad company, and especially of one which is interstate in its character. It is argued that any sale which must necessarily be had to enforce such a lien would be the sale of a fragmentary portion of the roadbed, which would not only disrupt the road and prevent the public service which the company was created to furnish, but would and could furnish to the purchaser no right or interest, as the land could only be used as a railway right of way, and without legislative sanction and permission no such right of user exists. It is claimed that such a proceeding would

violate both the Federal Constitution and the 14th Amendment thereto, and is not contemplated by chapter 23, Rev. Codes 1905. It is claimed that chapter 23 only contemplates the taxation of property in which the fee exists in the person sought to be charged.

The portions of the statute which appear to be pertinent are as follows: Section 1818: "Water courses, ditches and drains for the drainage of sloughs and other lowlands may be established, constructed and maintained in the several counties of this state whenever the same shall be conducive to the public health, convenience or welfare under the provisions of this chapter. The word 'drain' when used in this chapter shall be deemed to include any natural water course opened, or proposed to be opened, and improved for the purpose of drainage and any artificial drains constructed for such purpose." Section 1821: "A petition for the construction of a drain may be made in writing to the board of drain commissioners. If among the leading purposes of the proposed drain are benefits to the health, convenience or welfare of the people of any city or other municipality, the petition shall be signed by a sufficient number of the citizens of such municipality or municipalities, to satisfy the board of drain commissioners that there is a public demand for such drain. If the chief purpose of such drain is the drainage of agricultural, meadow, grazing or other lands, the petition shall be signed by at least six or more freeholders whose property shall be affected by the proposed drain." Section 1826: "Upon acquiring the right of way, if the assessment of benefits has not already been made under the provisions of § 1824, the board of drain commissioners shall assess the per cent of the cost of constructing and maintaining such drain, and of providing the right of way therefor, which any county, township, city, village or town shall be liable to pay by reason of the benefits of such drain to the public health, convenience, or welfare, *and which any railroad company shall be liable to pay by reason of benefits to accrue to its property, and which any lot, piece or parcel of land shall be liable to pay by reason of benefits to accrue thereto, either directly or indirectly, by reason of the construction of such drain, whether such lands are immediately drained thereby, or can be drained only by the construction of other and connecting drains,* but such assessment shall be subject to review by the commissioners as hereinafter provided." Section 1831: "The board of drain commissioners shall make a list showing the amount

which each municipality and lot or tract of land benefited by the drain for which the tax is levied is liable to pay on account of procuring the right of way or the construction of any drain, or both according to the per cent which by § 1826 it is required to fix and determine, a copy of which shall be served on the clerk or auditor of each municipality against which taxes are to be assessed. Such list shall thereupon be filed in the office of the county auditor of the county in which the municipalities and lands benefited by the drain are situated, and the auditor shall thereupon extend upon the tax lists as a special tax as provided by law the several amounts shown by the drain commissioners' list, specifying in such tax lists the particular drain for the construction or procurement of the right of way of which the special tax is assessed, which special tax shall be collected and enforced in the same manner as other taxes. When such special tax is for the right of way the same shall when collected be paid by the county treasurer into court for the benefit of the owners of the right of way. And the common council, or other proper taxing authorities of each city, or other municipality, against which such assessment is made as aforesaid, shall include in the first general tax levy thereafter made in said city or municipality, the amount so assessed against it, by the board of drain commissioners, and the same shall be extended upon the tax lists of the county for the current year by the county auditor against all the taxable property in such city or municipality in the same manner and with the same effect as other taxes are extended." Section 1832: "The drain taxes shall be collected by the county treasurer and all moneys so collected shall be credited to the drain fund to which they belong and the county treasurer shall be the treasurer of such drain funds. Payment of all expenses and costs of locating and constructing any drain shall be made by the board of drain commissioners issuing warrants in such amounts and to such persons as by such board may be found due. All warrants drawn by such board in payment for the right of way or construction of any drain shall be payable from the proper drain fund and shall be receivable for the taxes levied for the right of way or construction of such drain by the treasurer. All such warrants after presentation to the county treasurer for payment, if not paid for want of funds, shall be registered by the county treasurer and thereafter shall bear interest at the rate of 7 per cent per annum." Section 1837: "Drains may be laid along, within the

limits of or across any public road, and when so laid out and con-
structed or when any road shall thereafter be constructed along or
across any drain it shall be the duty of the board of county commis-
sioners, or township supervisors, as the case may be, to keep the same
open and free from all obstructions. A drain may be laid along any
railroad when necessary, but not to the injury of such road, and when
it shall be necessary to run a drain across a railroad it shall be the
duty of such railroad company, when notified by the board of drain
commissioners to do so, to make the necessary opening through said
road and to build and keep in repair suitable culverts or bridges."

There is much to be said in support of the contention of appellants.
Railroads are quasi public institutions. They have the right to make
a reasonable profit on the investment which they represent. The state,
on the other hand, has the power to regulate rates when that profit be-
comes excessive. It is clear that no profit can be made until the oper-
ating and fixed charges are met, and the higher the operating and fixed
charges, the higher the rates will be that must be charged in order to
make a fair return upon the investment. Special assessments, in fact
all taxes, must indirectly increase the cost of operation and raise the
point from which the profit begins, as well as the point at which the
state is entitled to regulate the charges. They must, in fact, mean
higher rates to the public. The first question is, Can local improve-
ments which are for the immediate benefit of the locality merely, and
the cost of which can be assessed upon adjacent property merely upon
the theory of actual benefit, be imposed, when the cost thereof must
ultimately be borne by the people as a whole? The second is, Can such
taxes be made a lien upon a right of way, the sale of which may seri-
ously interrupt the operation of the road?

The answer to the first question, to our mind, revolves entirely around
the question of benefits. Local and general taxes may be imposed upon
railway property because they both help to develop and to assure gov-
ernmental and police protection to the territory through which the link
of the road runs, and because the link is a part of a continuous whole
and its police protection is necessary to that whole. Such taxes are
valid even when levied upon the property of railroads which are inter-
state in their nature. A distinction, in fact, is drawn between a tax
upon property which is used in interstate commerce or the instrumen-

tality of commerce, which is valid, and a tax upon the act of interstate commerce which is not. 7 Cyc. 478, 480; Cleveland, C. C. & St. L. R. Co. v. Backus, 154 U. S. 439, 38 L. ed. 1041, 4 Inters. Com. Rep. 677, 14 Sup. Ct. Rep. 1122, 133 Ind. 513, 18 L.R.A. 729, 33 N. E. 421; Philadelphia & R. R. Co. v. Pennsylvania, 15 Wall. 232, 21 L. ed. 146; Adams Exp. Co. v. Ohio State Auditor, 165 U. S. 194, 41 L. ed. 683, 17 Sup. Ct. Rep. 305. The same rule applies to local drainage assessments. If they are in fact of any benefit to the railroad, and this is conceded by the record in the case at bar, in other words, if they tend to make the track and roadbed more secure, or, in extreme cases, to prevent the loss of health to passengers and employees incident to miasmal swamps, they benefit the railroad as a whole and the state as a whole. We are not inclined to hold with the appellants that the only measure of benefits is an increased selling price, and as a purchaser can hardly be had for a link in a railroad right of way, and that as such sale should, if possible, be avoided, that no benefits can accrue. The railroad in fact, though not always holding a fee, has a beneficial use extending at its almost unlimited option over a long period of years, and an increase in the value of the use or a decrease in the cost of operation and maintenance are certainly benefits.

Even without a legislative expression upon the subject, there is much authority in support of the validity of an assessment such as that before us. See Louisville & N. R. Co. v. Barber Asphalt Paving Co. 116 Ky. 856, 76 S. W. 1097, 197 U. S. 430, 49 L. ed. 819, 25 Sup. Ct. Rep. 466; Northern P. R. Co. v. Seattle, 46 Wash. 674, 12 L.R.A. (N.S.) 121, 123 Am. St. Rep. 955, 91 Pac. 244; Rich v. Chicago, 152 Ill. 18, 38 N. E. 255; Illinois C. R. Co. v. East Lake Fork Special Drainage Dist. 129 Ill. 417, 21 N. E. 925; Drainage Com'rs v. Illinois C. R. Co. 158 Ill. 353, 41 N. E. 1073; State, Paterson & H. River R. Co., Prosecutor, v. Passaic, 54 N. J. L. 340, 23 Atl. 945; Northern P. R. Co. v. Pierce County, 51 Wash. 12, 23 L.R.A.(N.S.) 286, 97 Pac. 1099.

The law in fact is summed up by Judge Elliott in his work on Railroads in § 7866, as follows: "There is a conflict in the adjudicated cases as to whether or not the right of way of a railroad company is subject to local assessments. The question has been discussed in a great number of instances, and different conclusions reached in ap-

parently similar cases. The latest authorities, . . . however, recognize what we believe to be the true rule, and that is, . . . where the right of way *receives a benefit* from the improvement for which the assessment is levied, and *there is no statute exempting* the railroad company from local assessments in clear and unequivocal terms, it is subject to assessment."

It is not indeed for us to establish the public policy in this matter. It has been announced by the legislature, and the action of that body, in the absence of some constitutional prohibition, must be conclusive upon us. This is not a case where the court is called upon to construe or to enforce some private contract, concerning which no public policy has been announced. It is a case in which it is asked to set aside a statute which itself expresses the public policy of the state, merely because its conception of what a sound public policy may be differs from that of the legislative body. This it cannot do. In the announcing of the rules of public policy, indeed, the courts are the third and weakest link in the governmental triumvirate. Public policy, in short, is *public* policy. Its highest expression is to be found in a constitutional provision which expresses the will of the sovereign people, and which, being voted upon by the whole public, announces a policy which is truly public, both in its origin and in its expression. Where there is no constitutional provision upon the subject, the next highest expression is that offered by a statute which expresses the public will or policy as construed by the legislative representatives of the people, whose determination, in the absence of a constitutional prohibition, must of necessity be controlling. The third factor in the chain is the supreme court. It, however, has no power to command or to create, but merely to construe. It, in short, announces and can announce no public policy of its own, but merely what it believes to be the policy of the people as a whole, and where the people have spoken it must be controlled by their decisions.

That the public has spoken in the case before us admits of no questioning. Section 1826, of the Code of 1905, is indeed capable of but one construction. It expressly provides that "upon acquiring the right of way, if the assessment of benefits has not already been made under the provisions of § 1824, the board of drain commissioners shall assess the per cent of the cost of constructing and maintaining such drain,

and of providing the right of way therefor, which any county, town-ship, city, village or town shall be liable to pay by reason of the bene-fits of such drain to the public health, convenience, or welfare, and *which any railroad company shall be liable to pay by reason of benefits to accrue to its property, and which any lot, piece or parcel of land shall be liable to pay by reason of benefits to accrue thereto, either directly or indirectly, by reason of the construction of such drain,* whether such lands are immediately drained thereby, or can be drained only by the construction of other and connecting drains, but such assessment shall be subject to review by the commissioners as hereinafter provided."

It is idle for counsel to argue that the legislature could only have intended depot or similar lands, the sale of which would not interfere with the operation of trains, for the act is not only clearly a rural as opposed to an urban or city and village act (see Stoltze v. Sheridan, post, 194, 148 N. W. 1), but nine depots out of every ten are construct-ed within the limits of the original right of way, and must often be moved if additional tracks are to be laid.

Nor does the fact that a sale of the right of way would perhaps be necessary as a last resort, nullify the statute. The uninterrupted per-formance by the railroad company of the public functions for which it was created may indeed be of great importance to the state and to the community; but the legislature may nevertheless deem that the col-lection of its taxes and a universal obedience to the supremacy of the law may be of more importance still. 37 Cyc. 842; St. Louis, I. M. & S. R. Co. v. Miller County, 67 Ark. 498, 55 S. W. 926.

There can, indeed, also be little difference between levying upon a right of way and levying upon a locomotive engine, which latter act is often done and generally held to be permissible. Both acts might equally interfere with and cripple the operation of the road.

In the case of Heman Constr. Co. v. Wabash R. Co. 206 Mo. 172, 12 L.R.A.(N.S.) 112, 121 Am. St. Rep. 649, 104 S. W. 67, 12 Ann. Cas. 630, the matter and contention was disposed of in the fol-lowing language: "What we do hold is that, under the charter and ordinance, the tax bill sued on in this case is a lien against that part of the right of way of the defendant company described in the tax bill. We do not feel called upon to determine how such judgment can be enforced. . . . As a general rule, 'where there is a right there is.

a remedy,' . . . and this case we think forms no exception to the rule." See also Metropolitan R. Co. v. Macfarland, 20 App. D. C. 421; McLean County v. Bloomington, 106 Ill. 209. The situation, indeed, is not as serious as counsel for appellant would have us believe. If the assessment is a valid one and benefits are in fact conferred (and the company has all of the remedies and means of contesting invalid and illegal assessments that has any other property owner), it is its duty to pay the same without putting the county to the necessity of selling the land. Its paramount duty is to operate its line. The state's paramount duty is to enforce its laws and its judgments.

We have next to determine whether the act violates the provisions of either the 14th Amendment to the Federal Constitution or the 3d, or so-called Commerce Clause, of § 8 of article 1 of that instrument, when it is sought to be applied to interstate lines.

The first point was suggested but not argued by counsel for appellant, and needs no consideration here. It is sufficient to say that the state, in the main, can establish its own due process of law, and that if the state has the right to levy the assessment at all, and the legislature intended that it should be levied, there is in the act no violation of property rights nor of the day in court and equal protection of the laws which the 14th Amendment guarantees. The argument of counsel indeed is based not upon any theory of private property, but of public rights only. He insists that the railroad company has no fee in the land, but merely a right to pass thereover in the performance of a public service; and it is on the premise that a levy upon and sale of a section of the right of way would interfere with this public service that his whole argument is based.

We are not unmindful of the cases as cited by counsel for appellant. In none of them, however, was there a statute similar to our own and in which the legislative intention was clearly expressed that railroads should be subject to their operation. They were cases, indeed, in which the courts were left to infer what the legislative policy in relation to railway property might be, and this by a construction of general words merely. So, too, most of them were cases of assessments for pavements, sidewalks, or sanitary sewers which could not possibly benefit the right of way or render the operation of the road any safer or easier. See Mt. Pleasant v. Baltimore & O. R. Co. 138 Pa. 365, 11 L.R.A.

520, 20 Atl. 1052; Chicago, R. I. & P. R. Co. v. Ottumwa, 112 Iowa, 300, 51 L.R.A. 763, 83 N. W. 1074; Boston v. Boston & A. R. Co. 170 Mass. 5, 49 N. E. 95; Detroit, G. H. & M. R. Co. v. Grand Rapids, 106 Mich. 13, 28 L.R.A. 793, 58 Am. St. Rep. 466, 63 N. W. 1007; South Park Comrs. v. Chicago, B. & Q. R. Co. 107 Ill. 105; Chicago, M. & St. P. R. Co. v. Milwaukee, 89 Wis. 506, 28 L.R.A. 249, 62 N. W. 417; State ex rel. St. Paul City R. Co. v. District Ct. 31 Minn. 354, 17 N. W. 954; Seattle v. Seattle Electric Co. 48 Wash. 599, 15 L.R.A.(N.S.) 486, 94 Pac. 194; Koons v. Lucas, 52 Iowa, 177, 3 N. W. 84; O'Reilley v. Kingston, 114 N. Y. 439, 21 N. E. 1004.

A surface-water drain, indeed, which like the one in the case at bar, drains swamp lands along a right of way, is materially different from a sidewalk or pavement or a sanitary house sewer. The first may benefit the right of way by preventing its erosion. The others cannot possibly be of any advantage to it, except as they add to the general health and prosperity of the localities through which the road passes. In the case at bar the trial court found that the right of way was "in fact materially and substantially benefited" by the drain, and no appeal was taken from this determination but on questions of law and of law alone. The question of benefits, therefore, is answered in the affirmative, and is established.

We fully agree with the supreme court of Massachusetts that a tax for local improvements upon a public-service corporation will usually be ultimately borne by the people of the whole state in the form of increased tariffs and charges, and that in the absence of a clear intimation in the statutes to the contrary, no such burden should be deemed to have been intended to be imposed. Boston v. Boston & A. R. Co. 170 Mass. 95, 49 N. E. 95. Where, however, the legislature has clearly spoken upon the subject, as it seems to have in the statute here under consideration, we cannot hold that the legislature did not assume the risk, and did not have the right to do so. The words of the statute, "by reason of the benefits of such drain to the public health, convenience, or welfare, *and which any railroad company shall be liable to pay by reason of benefits to accrue to its property, and which any lot, piece or parcel of land shall be liable to pay by reason of benefits to accrue thereto, either directly or indirectly, by reason of the construction of such drain, whether such lands are immediately drained*

*thereby, or can be drained only by the construction of other and connecting drains,"* are so sweeping and comprehensive that we cannot ignore them. Even without a legislative expression upon the subject, there is much authority in support of the validity of an assessment such as that before us. See Louisville & N. R. Co. v. Barber Asphalt Paving Co. 116 Ky. 856, 76 S. W. 1097, 197 U. S. 430, 49 L. ed. 819, 25 Sup. Ct. Rep. 466; Northern P. R. Co. v. Seattle, 46 Wash. 674, 12 L.R.A.(N.S.) 121, 123 Am. St. Rep. 955, 91 Pac. 244; Baltimore & O. & C. R. Co. v. Ketring, 122 Ind. 5, 23 N. E. 527; Lake Erie & W. R. Co. v. Cluggish, 143 Ind. 347, 42 N. E. 743; Rich v. Chicago, 152 Ill. 18, 38 N. E. 255; Illinois C. R. Co. v. East Lake Fork Special Drainage Dist. 129 Ill. 417, 21 N. E. 925; Drainage Comrs. v. Illinois C. R. Co. 158 Ill. 353, 41 N. E. 1073; State, Paterson & H. River R. Co., Prosecutor, v. Passaic, 54 N. J. L. 340, 23 Atl. 945; Northern P. R. Co. v. Pierce County, 51 Wash. 12, 23 L.R.A.(N.S.) 286, 97 Pac. 1099; Griswold v. Minneapolis, St. P. & S. Ste. M. R. Co. 12 N. D. 435, 102 Am. St. Rep. 572, 97 N. W. 538; Illinois C. R. Co. v. Decatur, 147 U. S. 190, 37 L. ed. 132, 13 Sup. Ct. Rep. 293; Wabash Eastern R. Co. v. East Lake Fork Special Drainage Dist. 134 Ill. 384, 10 L.R.A. 285, 25 N. E. 781.

The judgment of the District Court is affirmed.