[No. 11366.   Department Two.   July 22, 1914.]

*In re* FIFTH AVENUE WEST.

R. D. HILL *et al., Appellants,* v. THE CITY OF SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS — IMPROVEMENTS — ASSESSMENTS — EXCESSIVENESS.   An assessment for benefits for a street improvement for the purpose of eliminating excessive grades between the termini of the improvement, is shown to be excessive and arbitrary, where it appears that most of the cost was assessed against the property of one party, who received the principal part of the jury's award for damages for property taken and damaged, a cut in front of the property increased the grades of cross streets and alleys, which were already excessive, and the assessment exceeded the value of the property put upon it by the assessor for the purposes of general taxation and was more than two-thirds of the owner's estimate of the value, and grossly exceeds the assessments placed upon adjacent and contiguous property.

[1]Reported in 141 Pac. 1035.

EMINENT DOMAIN—AWARD — CONCLUSIVENESS.  The jury's award
for damages for land taken and damaged by a street improvement
is conclusive if not reviewed in the condemnation proceeding, and
cannot, if excessive, be corrected by the eminent domain commission-
ers as an excessive assessment for benefits against the property.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered April 8, 1913, confirming an as-
sessment roll on appeal from the eminent domain commis-
sioners, after a hearing on the merits.  Modified.

*Milo A. Root* and *R. D. Hill*, for appellants.

*James E. Bradford* (*William D. Covington* and *C. B.
White*, of counsel), for respondent.

FULLERTON, J.—In October, 1910, the city of Seattle, by
ordinance, directed the improvement of Fifth avenue west
from Barrett street on the south to West Dravus street on
the north, and West Dravus street from Fifth avenue west
on the east to Seventh avenue west on the west.  The im-
provement directed consisted of a widening of the streets
named by taking certain private property lying to the west
and south thereof.  Condemnation proceedings were insti-
tuted to acquire the necessary property, in which an award
was made to the owners of the property of $8,973.10.  The
property taken was owned principally by Reuben D. Hill and
Henrietta L. Hill, and their proportion of the award was
$8,835.60.  The ordinance directing the improvement to be
made provided that the cost and expense thereof should be
assessed against the property benefited; and to that end, the
court referred the matter of the assessment to the board of
eminent domain commissioners, who returned an assessment
roll into court in which they found that the entire cost of
the improvement was $10,602.74.  Of this sum, they assessed
to the city of Seattle, because of the extra width of the street,
$240.15, and the remainder to the property benefited.  The
Hills owned the greater part of the property bounded by
West Dravus street on the north, Fifth avenue west on the

east, Barrett street on the south, and Seventh avenue west
on the west; and against this property an assessment was.
levied of $7,112. The Hills excepted to the assessment, and,
a hearing was had thereon in the superior court, at which
hearing the assessment roll was confirmed. This appeal is.
prosecuted by the Hills from the order of confirmation.

The appellants' assignments of error can be reduced to-
the proposition that the board of eminent domain commis-
sioners acted arbitrarily in assessing their property; that is.
to say, the commissioners made the assessment without re-
gard to benefits, with the result that the appellants' property
is made to bear the great bulk of the cost of the improve-
ment, while other property, and particularly the public at
large for whose benefit the improvement is chiefly made, is.
assessed but nominally when compared therewith.

The evidence shows that the grades of the streets between
the terminals of the improvement, as they at present exist, are-
too excessive for practical use. Fifth avenue west, from its.
junction with Barrett street north to its junction with West
Dravus street, has a descending grade of some fifteen per-
centum; while the latter street, from that point to its junc-
tion with Seventh avenue west, has an ascending grade of a
somewhat less per centum but still excessive. By the use of
the land taken from the appellants, these grades are prac-
tically overcome between the terminals of the improvement.
The contemplated purpose is to make two tracks between
these terminals, the one skirting the remaining lands of the
appellants, and the other lower down, with a sloping bank
between them. It also permits the making of a third track
with still a different grade along West Dravus street from
its junction with Seventh avenue west to certain streets con-
necting with that street from the north. The upper one of
these tracks connects the main thoroughfare coming in from
the north with the thoroughfare on the south extending to
the heart of the city, thus affording a practical street with

easy grades between points which are now connected by streets having impractical grades.

The appellants' property is divided by streets and alleys running north and south through the same; it having been platted in that manner under the direction of the city authorities. These streets now have excessive grades which will be further increased by the construction of the improved streets, as such improvement contemplates a cut in front of the property which will leave an embankment ranging in height for the greater part of the distance of from six to fifteen feet.

On the question of the excessiveness of the assessment, it was shown that the assessment levied against the property by the eminent domain commissioners exceeded the value put upon it by the assessor for purposes of general taxation, and was more than two-thirds of the value placed upon it by its owners; one of them testifying that he would gladly take ten thousand dollars for it, even if clear of encumbrances. The assessments placed upon the property were also grossly in excess of the assessments placed upon adjacent and contiguous property having access to the improved street upon equal, and in many instances, lesser grades. For example, the western tier of lots on the appellants' property is assessed at $662.14 while a tier of lots directly across the street therefrom having a greater area and equal access to the improved street is assessed at but $129. The other differences may not be in all instances as glaring as this, but the assessment on the appellants' property is, in each instance, from three to four times that of like and similarly situated property. It will be remembered, furthermore, that the present assessment does not pay for a completed street in front of the appellants' property. On the contrary, the assessment but pays for the land taken, and the property is again to be assessed when the street is graded and otherwise improved so as to make it passable for vehicles. The net result of the proceedings being, if this assessment is allowed to stand, that

the appellants will receive for land taken and damaged but $1,723.60 for which the jury awarded them $8,835.60.

The general rule governing the action of the courts, when reviewing assessments of benefits, we have often stated. The courts will not concern themselves with mere differences of opinion as to the actual benefits conferred, but it must appear from the proceedings as a whole that the authority levying the assessment has acted arbitrarily in disregard of the actual benefits, or has proceeded upon a fundamentally wrong basis. We have no hesitancy, however, in saying that the record shows arbitrary action on the part of the eminent domain commissioners in the present instance. The very fact that they found so large a part of the benefits to have been conferred upon the property of the persons who received the award for the property taken is alone sufficient to excite inquiry as to their good faith. It raises the suspicion that they thought the jury's award excessive, and sought to correct it. But the amount of the award made by the jury was of no concern of the eminent domain commissioners. If the award was in excess of the actual value of the property taken and damaged, it should have been corrected in the condemnation proceeding itself by some of the methods provided by law for the correction of excessive verdicts. When the award has been allowed to become final in its effect it must be accepted as a verity, and the subsequent proceedings must be governed by the principle that it is final and not subject to further inquiry or correction. But whatever may have been the theory on which the eminent domain commissioners acted, we think the evidence clearly demonstrates that the appellants' property has not only been assessed more than its proportionate share of the cost of the improvement, but grossly in excess of the benefits conferred upon it by the improvement.

This conclusion requires a modification of the assessment roll by a reduction of the assessment upon the appellants' property. The amount of the reduction that ought properly to be made is not, of course, easily determinable, but we think

that an assessment on the property in a sum exceeding one-third of that actually levied would be excessive. The judgment of the trial court, therefore, will be set aside as to the appellants, and the cause remanded with instructions to reduce the assessment upon their property to a sum not exceeding one-third of the sum levied by the eminent domain commissioners, and confirmed as reduced.

CROW, C. J., PARKER, MORRIS, and MOUNT, JJ., concur.